## J. MICHAEL *v.* MUTUAL INSURANCE CO. OF NASHVILLE.

A foreign Insurance Company, doing business in New Orleans, through an agent, cannot be permitted to frustrate a claim in Louisiana upon a contract made with it, by revoking the power of its agent on the eve of the institution of a suit for a loss, of which it has been notified.

Insurers are estopped from denying payment of the premium where there is an acknowledgment in the policy, unless they can show that the acknowledgment was made in error, by fraud or duress.

Where insurers plead non-payment of the premium as a bar to recovery on a policy, and in a supplemental answer alleged misrepresentation and concealment, the first is waived.

When premises insured against loss by fire have been thoroughly examined by the agent of the insurers, it is conclusive upon the insurers as to whatsoever is apparent.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Roselius,* for plaintiff.

*Semmes,* for defendants and appellants:

1. The agent, on whom service of citation was made, was not authorized to stand in judgment for defendants. The power to appear in court is one of the most important that can be conferred, and is equivalent to that of alienation. C. C., 2965, 2966; *Fusilier* v. *Robin,* 4 An., 61; *Barnes* v. *Proflet,* 5 An., 118; *Sloan* v. *Menard,* 5 An., 218.

2. The agent's power was revoked before the suit was brought. C. C., 2998.

3. He could not at any time delegate his authority to another to receive payment of premiums. 2 Mass., 237; 15 Pick., 302; 11 Howard, 222; 1 Hill, 505; Story's Agency, s. 14.

4. Unless expressly authorized, an agent can receive in payment of a debt due to his principal nothing but money. 7 M., 317; 2 An., 797: 5 An., 157; Story's Agency, s. 109; 4 L. R., 337; 6 L. R., 85; N. S., 145; 5 An., 157.

5. There was misrepresentation and concealment, (Arnold, 516; 17 Ward, 359; 12 Johns, 517,); and whether the concealment was accidental or intentional, makes no difference. 1 Arnold, 536; 8 Peters, 557; 2 R., 266; 9 L. R., 163.

BUCHANAN, J. Plaintiff insured a stock of goods in his store at Bayou Sara against fire, for one year, viz., from the 3d February, 1852, to 3d February, 1853 The store was destroyed by fire and the stock of goods consumed, on the 27th August, 1852. This suit was instituted on the 14th October, 1852, on the policy of insurance, executed and signed at New Orleans, by *William A. Johnson,* as the agent of the defendants, a company domiciled in Nashville, Tenn. The petition and citation were served on the 8th November, 1852, on the said *Johnson,* who filed, for exception, that he was no longer the agent of defendants, " the agency of said insurance company in New Orleans having been some time since withdrawn." In support of said exception a telegraphic dispatch was given in evidence, dated Nashville, 29th September, 1852, and received in New Orleans the same day, of the following tenor: " Trustees have withdrawn agency at New Orleans, decline risks after 1st October."

93

MICHAEL
*v.*
NASHVILLE IS. CO.

The District Judge properly overruled the exception. A foreign Insurance Company, doing business through an agent in New Orleans, and taking risks in Louisiana, cannot be permitted to frustrate a claim in a Louisiana court upon a contract made with it, by revoking the power of its agent on the eve of the institution of a suit for a loss, of which it has been notified. Such a proceeding savors of bad faith. The dispatch in question is even suspicious and contradictory in its terms. On the 29th September, *Johnson* is informed that the trustees *have* withdrawn their agency at New Orleans; and yet he is authorized to receive new risks on their account up to the 1st October, inclusive, being full two days later than the date of the dispatch and of its reception.

The exception being overruled, the defendants appeared, by counsel, and filed their answer, denying their liability, on the special ground that the premium had not been received by *Johnson*, their agent, and that said *Johnson* was without power to bind them " until the actual payment of the premium of insurance."

It is proved that plaintiff paid the premium upon the policy sued upon to the person from whom he received that policy, and who appears to have been an itinerant insurance broker, through whom this contract was made between the parties, one of whom resided at Bayou Sara and the other at New Orleans. Defendants entrusted the policy to this itinerant broker for delivery to plaintiff, and he was the proper person to whom to make payment of the premium.

Besides, the defendants are estopped by the acknowledgment contained in their contract from denying the payment, unless they can show that the said acknowledgment was made in error, or induced by fraud or duress, nothing of which is pretended. This acknowledgment is in the following words : " In consideration of ninety-three dollars and seventy-five cents, paid to *William A. Johnson*, their authorized agent, by the insured hereafter named, *the receipt of which is hereby acknowledged*," etc.

It was, perhaps, unnecessary for us to have noticed this plea of non-payment of the premium, as, by a supplemental and amended answer, the defence has been put upon a different ground, to wit, that the plaintiff was guilty of misrepresentation in his discription of the premises insured, and concealed essential particulars, which, if known, would have prevented defendants from insuring at all, or only at a great increase of premium. The first plea, which was, in substance, that there was no contract, is inconsistent with the second, which alleges the contract to be void for fraudulent concealment; and, consequently, according to correct rules of pleading, is to be viewed as waived by the amended plea.

Upon this defence it is proved that plaintiff, in his application for insurance, made no mention of the fact that there was an eating-house, bar-room and billiard saloon kept by another person in another portion of the building in which his dry good store was situated. It is proved that the premises were thoroughly examined by the insurance broker through whom plaintiff's application was transmitted; and such inspection is declared by a President of an Insurance Company, examined as a witness for defendants, to be conclusive upon the latter.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Re-hearing refused.

NOTE.—MERRICK, C. J., not being present at the argument, took no part in this decision.