CHEHALIS RIVER LUMBER & SHINGLE CO. v. EMPIRE STATE SURETY CO.

(District Court, W. D. Washington, S. D.    July 23, 1913.)

No. 1,320.

INSURANCE (§ 627*)—ACTION ON POLICY—PROCESS—FOREIGN COMPANY—SERVICE ON INSURANCE COMMISSIONER.

Under Sess. Laws Wash. 1911, c. 49, § 13, which requires a foreign insurance company, before it can lawfully transact business in the state, to appoint the state insurance commissioner as an attorney upon whom all lawful process "may be served, with the same effect as if it were a domestic company," such an appointment is not revocable when the company ceases to do business in the state, but remains in force so long at least as it has contracts outstanding which were made while it was so doing business.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1573, 1574; Dec. Dig. § 627.*]

At Law.    Action by the Chehalis River Lumber & Shingle Company against the Empire State Surety Company.    On demurrer to defendant's plea to jurisdiction.    Demurrer sustained.

H. G. & Dix Rowland, of Tacoma, Wash., for plaintiff.
John P. Hartman, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.    This matter is for decision upon demurrer of the plaintiff to defendant's plea denying the court's jurisdiction.    By the suit plaintiff seeks to recover upon a policy of insurance against loss on account of injuries to plaintiff's workmen.    The policy was issued in 1910.    In July, 1910, an employé of plaintiff was injured. In March, 1911, such employé began suit against plaintiff, which resulted in judgment against it in February, 1912, which judgment was sustained upon appeal to the state Supreme Court, by decision rendered in 1913.    Plaintiff is a Washington corporation, while defendant is a

New York corporation. Service of summons and complaint is shown to have been made on the state insurance commissioner, a statutory agent for service, in 1913.

The defendant's answer, challenging the court's jurisdiction, alleges that more than four years ago the defendant qualified to engage in business in Washington; that it continued transacting business therein until August 22, 1912, when it ceased to do business in the state, canceled its agencies, and reinsured its risks in force in the state; that, theretofore, in August, 1910, it appointed an agent for service in the state; that in June, 1911, it appointed the state insurance commissioner its agent for service; that in November, 1912, after ceasing to do business in the state, it canceled and revoked both of the foregoing appointments; that such revocations were filed with and accepted by the insurance commissioner.

Plaintiff relies upon the following authorities: Section 6235, Rem. & Bal. Code; Laws Wash. 1911, c. 49, § 13, pp. 173, 174; Mutual Reserve Fund Life Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Hunter v. Mutual Reserve Life Ass'n, 218 U. S. 573, 31 Sup. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 686; Bedford v. Eastern B. & L. Ass'n, 181 U. S. 227, 21 Sup. Ct. 597, 45 L. Ed. 834; Moore v. Mutual Reserve, 129 N. C. 31, 39 S. E. 637; Groel v. United Elec. Co., 69 N. J. Eq. 397, 60 Atl. 822; Mutual Reserve Fund Life Ass'n v. Tuchfeld, 159 Fed. 837, 86 C. C. A. 657; Michael v. Mutual Ins. Co., 10 La. Ann. 737; Pervangher v. U. C. & Surety Co., 81 Miss. 32, 32 South. 909; Gibson v. Mfg. F. & M. Ins. Co., 144 Mass. 81, 10 N. E. 729; Germania Ins. Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 99 Am. St. Rep. 295; Hill v. Empire State-Idaho Min. & Dev. Co. (C. C.) 156 Fed. 797; Collier v. Mutual Reserve (C. C.) 119 Fed. 617.

Defendant relies upon the following authorities: Pierce's Code, § 5631; Swann v. Mut. Reserve Fund Life Ass'n (C. C.) 100 Fed. 922; Friedman v. Empire Life Ins. Co. (C. C.) 101 Fed. 535; Millan v. Mut. Reserve Fund Life Ass'n (C. C.) 103 Fed. 764, at page 769; Lathrop-Shea & Henwood Co. v. Interior Construction & Imp. Co. (C. C.) 150 Fed. 670, reversed and remanded 215 U. S. 246, 30 Sup. Ct. 76, 54 L. Ed. 177; Home Ins. Co. v. New York, 119 U. S. 129, at page 147, 8 Sup. Ct. 1385, 30 L. Ed. 350.

A Washington statute, applicable to insurance companies of the character of defendant at the time the insurance policy was issued, provided:

"Every such corporation organized outside of this state, shall constitute and appoint an agent who shall reside in this state, to be designated as hereinafter required * * * and shall authorize such agent to accept service of process in any action or suit pertaining to the property, business or transactions of such corporation within this state, in which such corporation may be a party, * * * and such corporation shall have and keep continually some resident agent, empowered as aforesaid, during all the time such corporation shall conduct or carry on any business within this state, and service of any process, pleading, notice or other paper on such agent shall be taken and held as due service on such corporation. If any attorney of any surety corporation, appointed under the provisions of this act, shall remove from the state, or become disqualified in any manner from accepting service, valid service may be made on such corporation by service upon the insurance commissioner." Section 6235, Rem. & Bal. Code.

In 1911, the state Legislature by a further act provided:

"The commissioner shall not issue a certificate of authority to transact any business of insurance in this state to any foreign or alien insurance company until it has executed and filed in his office a written appointment of the insurance commissioner to be the true and lawful attorney of such company in and for this state, upon whom all lawful process in any action or proceedings against such company commenced in any county in this state may be served with the same effect as if it were a domestic company having its principal office in such county. The service upon such attorney shall thereafter be deemed service upon the company." Session Laws 1911, pp. 173, 174, c. 49, § 13.

As stated, the defendant complied with the latter act, and in 1911 designated by proper appointment the insurance commissioner as its agent for service, and thereafter continued in the transaction of insurance business in the state until August, 1912. The question is whether, under such statutes and circumstances, the defendant could withdraw from the state and revoke the authority of its agent for service, so as to defeat the court's jurisdiction in a suit brought against the defendant upon liability accruing while the appointment was in force.

It is claimed that such withdrawal and alleged revocation of authority had this effect, because the law in force at the time the policy of insurance was written provided:

"And such corporation shall have and keep continually some resident agent, empowered as aforesaid [that is, to accept service of process in any action or suit, pertaining to the property, business or transactions of such corporation within this state, in which such corporation may be a party] during all the time such corporation shall conduct or carry on any business within this state."

That, as the only duty in this respect imposed upon the defendant was to have and keep such service agent during the time such company "shall conduct or carry on any business within this state," it necessarily follows by implication that, having ceased to conduct and carry on any business in this state, it had the right to cancel and revoke that authority given the agent in order to obtain the right to transact business in the state.

If this act stood alone, the position taken by defendant would probably have to be conceded; but the act of 1911 does not so limit or restrict the duty to maintain such an agent to the time during which the company shall continue to transact business in the state. By the latter law, before a company can lawfully transact business in the state, it must appoint the state insurance commissioner as an attorney "upon whom all lawful process in any action or proceeding against such company * * * may be served with the same effect as if it were a domestic company." Under such a law, the appointment of a service agent is irrevocable, in that it may not be canceled upon the company's ceasing to transact business in the state. Mutual Reserve Fund Life Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Hunter v. Mutual Reserve Fund Life Ass'n, 218 U. S. 573, 31 Sup. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 686; Mutual Reserve Fund Life Ass'n v. Tuchfeld, 159 Fed. 833, 86 C. C. A. 657; Hill v. Empire State-Idaho Min. & Dev. Co. (C. C.) 156 Fed. 797.

Such must be the construction given the law by the defendant at the time of appointing the insurance commissioner as its attorney under such law, for the instrument by which it appointed such officer, made a part of defendant's answer, declares:

"Now, therefore, in accordance with the terms and requirements of the section above set forth, the said the Empire State Surety Company does, by these presents, irrevocably appoint and authorize the state insurance commissioner of the state of Washington (by whomsoever such office of commissioner may be held and exercised under the laws of the state of Washington), for the purposes mentioned in the section above recited, to do any and all the things in said section specified in its behalf to be done by said commissioner, and hereby further consenting that service of process as therein referred to upon such commissioner shall be valid and binding, and be deemed personal service upon the company, so long as it shall have any liabilities outstanding in the state of Washington."

The law of 1911 is the one applicable to this case, and it is not necessary now to determine whether, if the older law gave to plaintiff a benefit not afforded by the latter act, it might not be held, in a proper case, to be an advantage which the plaintiff could enforce; but it will be time enough to determine that question when the older law is invoked by a plaintiff, a citizen of the state.

The Legislature, in providing for the protection of and obtaining benefits for the people of the state, saw fit to enact the law of 1911. The defendant accepted its provisions, designated the required agent therein provided for, and continued after its enactment to transact business in the state of Washington—a right to do which was dependent, by the act, on such appointment; and it cannot now, after such action on its part, successfully claim that plaintiff must be relegated to the older law and is not protected by the provisions of the later.

Demurrer sustained.