# Richmond,

## AMERICAN RAILWAY EXPRESS COMPANY, A CORPORATION, v. FLEISHMAN, MORRIS & COMPANY, INCORPORATED.

January 19, 1928.

Absent, Burks, J.

1. JURISDICTION—*Courts of General Jurisdiction—Service of Process Adjudged Valid and not Void upon its Face—Collateral Attack.*—A judgment of a court of general jurisdiction, having jurisdiction of the subject matter and parties, upon the service of process adjudged by it to be valid and not void upon its face, is conclusive in Virginia upon other courts, and not open to collateral attack. If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation and no fixed established rights.

2. FOREIGN CORPORATIONS—*Service of Process—Process Agent under Section 1294g, Subsections 2 and 3 of the Code of 1904—Secretary of Commonwealth under Section 4027 of the Code of 1919—Case at Bar.*—In the instant case, an action against a foreign corporation, an express company, service of process was had on the statutory agent of the corporation appointed under section 1294g of the Code of 1904, whose authority had not been revoked and whose successor had not been appointed. Defendant contended that section 1294g, subsections 2 and 3 of the Code of 1904 had been repealed at the time of the service of the process in question by section 4027 of the Code of 1919, which required foreign corporations doing business in Virginia to appoint the Secretary of the Commonwealth as their statutory agent in Virginia.

*Held:* That section 4027 of the Code of 1919 was not self-executing, and that a judgment against the foreign corporation, in the instant case, was not a denial of due process of law.

3. FOREIGN CORPORATIONS—*Service of Process—Appointment of Secretary of the Commonwealth as Statutory Agent—Failure to Make Appointment.*—Section 4027 of the Code of 1919 was not self-executing. It simply required foreign express corporations doing business in Virginia

to appoint the Secretary of the Commonwealth as their statutory agent in Virginia. It is inconceivable that such a corporation could, by a failure to comply with the requirements of the statute, evade the process of the courts in Virginia.

4. SERVICE OF PROCESS—*Foreign Corporations—Doing Business within the State—Cessation of Active Business with Outstanding Contracts.*—A foreign corporation which has done business in Virginia, is doing business in Virginia as long as it has contracts in Virginia unperformed, and the appointment of its statutory agent is not revocable even though it has withdrawn from active business in the State if it still has contracts outstanding.

5. FOREIGN CORPORATIONS—*Service of Process—Failure to Appoint Statutory Agent—Revocation of Power of Attorney—Case at Bar.*—In the instant case service of process was had upon the agent of a foreign express corporation appointed under section 1294g, subsections 2 and 3 of the Code of 1904, whose authority had not been revoked. This service was had after the enactment of section 4027 of the Code of 1919, requiring foreign express corporations to appoint the Secretary of the Commonwealth as their statutory agent. The foreign corporation had not appointed the Secretary of the Commonwealth as its statutory agent.

    *Held:* That the foreign corporation could not revoke the appointment of its agent or avoid process against it, by failure to appoint the Secretary of the Commonwealth as its statutory agent as required by law.

6. FOREIGN CORPORATIONS—*Service of Process—Constitutionality of Sections 3845 and 3846 of the Code of 1919, Requiring Foreign Corporations to Appoint the Secretary of the Commonwealth as their Statutory Agent.*—Sections 3845 and 3846 of the Code of 1919, requiring foreign corporations to appoint the Secretary of the Commonwealth their agent to receive service of process are not unconstitutional.

7. FOREIGN CORPORATIONS—*Service of Process—Appointment of Secretary of the Commonwealth as Statutory Agent—Actual Appointment as Waiver of Objections to the Statute.*—In the instant case defendant, a foreign corporation, attacked the validity of the service of process on the Secretary of the Commonwealth as its statutory agent, contending that as a foreign corporation engaged in interstate commerce it could not be made to conform to conditions precedent to its doing business in Virginia. A complete answer to this contention was that the defendant had complied with the provisions of the statute (sections 3845 and 3846 of the Code of 1919) and appointed the Secretary of the Commonwealth as its agent, and it could not be heard to complain of the statute after it had accepted its provisions and complied with it.

8. FOREIGN CORPORATIONS—*Service of Process—Appointment of Secretary*

of the Commonwealth as Statutory Agent under Section 3845 of the Code of 1919—Objection that Foreign Corporations Cannot be made to Conform to Conditions Precedent to its Doing Business in Virginia.—Section 3845 of the Code of 1919, requiring the appointment of the Secretary of the Commonwealth as the statutory agent in Virginia of foreign companies whether engaged in interstate commerce or not, is not subject to the objection that a foreign corporation engaged in interstate commerce cannot be made to conform to conditions precedent to its doing business in Virginia.

9. Foreign Corporations—Service of Process—Secretary of the Commonwealth—Sections 3845 and 3846 of the Code of 1919 not Invalid in not Requiring Return to Show that the Process has been Brought to the Attention of the Foreign Corporation.—Sections 3845 and 3846 of the Code of 1919 are not unconstitutional as violating Constitution of 1902, section 11, and Constitution of the United States, amendment 14, section 1, for the reason that they do not provide that a return upon a process executed thereunder shall show that the process has been brought to the attention of or actually served upon a foreign corporation; that the Secretary of the Commonwealth forthwith mailed a copy of the process to the defendant.

10. Foreign Corporations—Service of Process—Service on Secretary of the Commonwealth—Return on Service—Case at Bar.—In the instant case the return of the sheriff set out in full that the process was served on the Secretary of the Commonwealth, and as such Secretary of the Commonwealth the statutory agent for the defendant, a foreign corporation. The service was in strict compliance with section 6064 of the Code of 1919, and if there had been no further provision requiring the Secretary of the Commonwealth to mail a copy to the defendant corporation the service would still have been legal. The additional duty imposed upon the Secretary of the Commonwealth was added out of abundant precaution. But the statute requiring this additional duty does not at the same time require a return showing that the Secretary of the Commonwealth has complied with this provision. The fact that he has complied is not a necessary part of the return.

11. Public Officers—Presumption that Officer has Performed his Duty—Secretary of the Commonwealth as Statutory Agent for Foreign Corporation.—The fact that the Secretary of the Commonwealth has complied with the provision of section 3846 of the Code of 1919, requiring him to mail a copy of a process or notice served on him as the statutory agent for a foreign corporation, will be presumed, unless it was shown to the contrary that he has not done his duty in this respect, just as it would be presumed that the fact of service upon any other agent would be reported to the corporation.

12. Corporations—Consolidation—Action Against Consolidated Company for

*Debt of one of the Constituent Companies—Action of Debt or Creditor's Bill—Case at Bar.*—In the instant case, an action of debt against a consolidated corporation upon a judgment obtained against one of its constituent corporations, defendant demurred on the ground that if plaintiff had any cause of action against defendant, it should have proceeded in a court of equity by creditor's bill as for the administration of a trust fund instead of by action of debt.

*Held:* That the demurrer was properly overruled.

13. Corporations—*Consolidation—Liability of Consolidated Corporation for Liabilities of Constituent Corporations.*—When two or more corporations are consolidated into a new corporation with a new name, and the constituent corporations go out of existence, if no arrangements are made respecting their property and liabilities, the consolidated corporation will be answerable for their liabilities, at least to the extent of the property acquired from the constituent corporation whose liability is sought to be enforced against the consolidated corporation.

14. Corporations—*Consolidation—Liability of Consolidated Corporation for Liabilities of Constituent Corporations—Existence of Constituent Corporation.*—It is not essential to the liability of a consolidated corporation for the debts or claims against its constituent corporations that the constituent companies cease to exist *de jure* upon the organization of the new corporation. The going out of existence of the constituent companies is the cessation of all actual transactions of business as a going concern. Its continued existence *de jure* for the purpose of winding up its affairs is immaterial.

Error to a judgment of the Circuit Court of the city of Richmond, in an action of debt. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wyndham R. Meredith*, for the plaintiff in error.

*A. W. Patterson*, for the defendant in error.

Chichester, J., delivered the opinion of the court.

On February 26, 1918, Fleishman, Morris & Company, Incorporated, hereinafter called plaintiff, wholesale shoe dealers in the city of Richmond, delivered

certain goods of the aggregate value of $248.69 to the Southern Express Company, hereinafter called Southern, for shipment, and these goods were all lost *en route* by the carrier. Demand was made on the express company for indemnity but no settlement was made with the plaintiff. Whereupon plaintiff instituted proceedings by notice of motion in the Circuit Court of the city of Richmond on October 4, 1920, to compel settlement by the express company.

The sheriff of the city of Richmond executed this notice on October 4, 1920, by delivering a copy thereof with statement and affidavit attached to J. B. Hockaday, designating him in the return on the summons as the statutory agent in Virginia of the Southern Express Company, a corporation.

On November 1, 1920, after the notice of motion had been duly docketed, the Southern appeared specially by counsel and moved the court to quash the writ and the return thereon, upon various grounds set out in writing and filed. The trial court however, on December 10, 1920, overruled the motion to quash, and the Southern made no further appearance. On December 22nd, upon a trial on the merits, a jury duly empanelled to try the cause returned a verdict in favor of the plaintiff for $248.69 with interest and costs, and the court rendered judgment thereon. No appeal was taken from this judgment by the Southern.

Prior to the rendition of this judgment the Southern Express Company had turned over to the American Railway Express Company, hereinafter called the defendant, as its successor in business, for which business the latter company had paid with stock of the new company, all of its property in Virginia so that there was no property of the Southern subject to levy for the satisfaction of the plaintiff's judgment in this State.

On April 14, 1925, the plaintiff brought this action in debt upon this judgment, against the American, asserting liability against the new company for the debt of its predecessor, pursuant to the principle enunciated in *American Ry. Exp. Co.* v. *Downing*, 132 Va. 139, 111 S. E. 265; *Am. Ry. & Exp. Co.* v. *Royster*, 141 Va. 602, 126 S. E. 678.

Process was duly issued, upon which the sheriff of the city of Richmond made the following return: "Executed in the city of Richmond, Virginia, April 14, 1925, by delivering in duplicate a copy of within summons to B. O. James, the Secretary of the Commonwealth of Virginia, and as such Secretary of the Commonwealth, the statutory agent for the American Railway Express Company, a corporation. Place of residence and place of business of said B. O. James, being in the city of Richmond, Virginia. Fee of $2.50 paid the Secretary at time of service."

On May 8, 1925, the American Railway Express Company appeared specially and moved the court to quash the writ and the return thereon, and to dismiss this action, upon the following grounds:

(1) That said service of said process and the return thereon is not valid and lawful.

(2) That the process and return thereon and the record in this action fail to show to the court that the Secretary of the Commonwealth has conformed to the requirements of the statute of the State of Virginia so as to make said alleged service valid and binding on the defendant company, a foreign corporation.

(3) That section 3846 of the Code of 1919 of the State of Virginia, as amended by the Acts of 1920, page 594, required that whenever lawful process against or notice to any such company shall be served as provided in the preceding section, the Secretary of the

Commonwealth shall forthwith mail a copy of such process or notice to the Company. That the process in this case and the return thereon and the record of this action nowhere shows that the Secretary of the Commonwealth has notified the American Railway Express Company in any proper and legal way, or that such officer has forthwith mailed a copy of said process to said defendant.

(4) That said defendant cannot be personally bound by any judgment entered in this action unless it shall expressly appear from the record in this case that the Secretary of the Commonwealth of Virginia has forthwith mailed a copy of said process to the defendant, company, a foreign corporation, and that until it shall expressly appear in the record of this action, by a proper and legal return, that the Secretary of the Commonwealth has notified said defendant or that he has forthwith mailed a copy of said process to said defendant before hearing had hereon, the same is not due process of law which is indispensable to a judgment *in personam* against said defendant company sought to be had in this action. Such judgment would be to deprive said defendant of its property without due process of law and to deny to it within the jurisdiction of this State the equal protection of the law contrary to Article 14 of the Constitution of the United States and section 11 of the Constitution of Virginia, which are hereby expressly pleaded and the rights of the defendant company asserted thereunder.

The defendant also filed a demurrer to the plaintiff's declaration and alleged as grounds—(1) That the declaration does not allege sufficient facts to show that plaintiff is liable to pay or be sued for the debts of the Southern Express Company, and particularly the judgment sued on in this action; and, (2) That, if

plaintiff had any cause of action against defendant, it should have proceeded in a court of equity by creditor's bill as for the administration of a trust fund.

· The court overruled the motion to quash and the demurrer, and the defendant after pleading the general issue filed its grounds of defense, which in substance were that the judgment against the Southern is void because no valid process was served on it, and it was rendered without due process of law. That J. B. Hockaday was not statutory agent of the Southern when the process was served on him, and that this void judgment against the Southern Express Company could not be enforced against the present defendant.

That the American Railway Express Company was required by the Director General of Railroads to purchase and acquire the tangible property of the Southern used in its domestic business, but it was not, by this plan, made liable for the debts of the Southern; and to compel the American Railway Express Company to pay those debts would be to take the latter's property without due process of law; and that the Southern was not insolvent at the time of said purchase and sale, but had and still has ample assets to pay all its liabilities. That there was no merger or consolidation of the Southern with the American, whereby the latter company could be charged with the debts of the Southern. That the American never assumed any of the obligations of the Southern, or agreed to pay them out of its own funds. That the American was not a party to the proceeding in which said judgment against the Southern was obtained, and had no notice of same. That the judgment of December 22, 1920, was void for lack of jurisdiction over the Southern, a nonresident corporation, which had ceased to do business in Virginia when the action against it was instituted.

The court heard argument upon these several defenses on December 31, 1925, and entered the judgment against the defendant here complained of.

The questions here involved are lengthily argued in the petition for a writ of error, the brief of counsel. for the defendant and the reply brief. The case may be disposed of by a discussion of the following.

1. The validity of the judgment entered on December 22, 1920, against the Southern, in favor of the plaintiff.

2. The validity of the judgment entered on December 31, 1925, in favor of the plaintiff and against the American Railway Express Company, defendant in this action.

3. The demurrer to declaration.

4. The merits of the plaintiff's cause as against the defendant.

The petition for a writ of error in this case was very carefully considered by this court, in the light of the decisions in *American Railway Express Co.* v. *Downing, supra,* and *American Railway Express Co.* v. *F. S. Royster Guano Co., supra.* The third and fourth questions involved here were considered and disposed of in those cases. We thought at the time of the presentation of the petition, and we think now, that these are no longer open questions in this State. In addition the principle involved in the first question was settled in the *Royster Case,* and requires little additional discussion here.

[1] 1. It is contended that the judgment against the Southern was obtained without due process of law upon the ground that the process was served upon J. B. Hockaday as statutory agent in Virginia of the Southern Express Company, when as a matter of fact it is alleged that the statute under which Hockaday had

been appointed by the Express Company (that is subsections 2 and 3 of section 1294g of the Code of 1904) had been repealed at the time of the service of the process and section 4027 of the Code of 1919, which required foreign corporations doing business in Virginia to appoint the Secretary of the Commonwealth as their statutory agent in Virginia, had been enacted. It is further contended that any service of process upon a foreign corporation unless it is strictly in conformity with the provisions of the statute is void, and that any judgment based on such a service of process is also void.

In the *Royster Case, supra,* although the act of 1904 was still in force and effect, the process having been served prior to December 1919, and prior to the enactment of section 4027 of the Code of 1919, service was had upon the chairman of the Corporation Commission, the plaintiff contending that the Southern Express Company had no statutory agent in Virginia. It was urged in that case that the service was not in conformity with the statute and was therefore void, but the Special Court of Appeals, speaking through Judge Christian, said: "The Circuit Court of the city of Norfolk, a court of general jurisdiction, having jurisdiction of the subject matter and parties, upon the service of process adjudged by it to be valid and not void upon its face, is conclusive in Virginia upon other courts, and not open to collateral attack. This principle is not merely an arbitrary rule of law established by the courts, but it is a doctrine which is founded upon reason and the soundest principles of public policy. 'It is one which has been adopted in the interest of the peace of society and the permanent security of title. If, after the rendition of a judgment by a court of competent jurisdiction, and after the

period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation and no fixed established rights.' *Lancaster* v. *Wilson*, 27 Gratt. (68 Va.) 624, 629; *Vorhees* v. *The Bank of the United States*, 10 Peters (35 U. S.), 449, 474, 9 L. Ed. 490; *Wilcher* v. *Robertson*, 78 Va. 602.

"The Southern Express Company had not been denied 'due process' of law, and the judgment against it was properly admitted in evidence."

[2–4] If the Southern was not denied due process of law in the *Royster Case* it seems to us *a fortiori* it was not denied due process in the proceeding against it by the plaintiff here. The judgment in the *Royster Case* was recently reviewed by the Supreme Court of the United States and affirmed.

In the *Royster Case* there was no authority of law for service of a process upon the chairman of the Corporation Commission. In the instant case Hockaday had been duly appointed statutory agent in Virginia by the Southern under the 1904 act, and at the time of the service of the process his power of attorney had not been revoked nor had a successor been appointed. It is true in December, 1919, section 4027 of the Code of 1919 had been adopted, and it is true that section required foreign corporations to designate the Secretary of the Commonwealth as their statutory agent in Virginia. It is also true that the Southern had not designated B. O. James, who was then Secretary of the Commonwealth, as its statutory agent in Virginia, but it is likewise true that section 4027 of the Code was not self-executing. It simply required foreign corporations doing business in Virginia to appoint the Secretary of the Commonwealth as their statutory

agent in Virginia. It is inconceivable that such a corporation could, by a failure to comply with the requirements of the statute, evade the process of the courts in Virginia. It is contended by the Southern that it was not doing business in Virginia at the time of the service of the process and that therefore it was not necessary to designate a statutory agent. But this contention is unsound, as it has been frequently held that a foreign corporation which has done business in Virginia, is doing business in Virginia as long as it has contracts in Virginia unperformed, and the appointment of its statutory agent was not revocable even though it had withdrawn from active business in the State if it still had contracts outstanding. *Chehalis, etc.* v. *Empire, etc.* (D. C.), 206 Fed. 559.

In *Equity Life Ins. Asso.* v. *Gammon*, 119 Georgia 271, 46 S. E. 100, it is held that a foreign corporation which has entered a State to do business, and appointed an agent to be served with process in suits brought against it in such State, cannot, by withdrawing from the State and discontinuing business and the agency, escape from the jurisdiction of the courts of such State over actions brought by persons with whom it has contracted therein, upon contracts which it made in such State while carrying on business there.

In *Michael* v. *Nashville Mut. Ins. Co.*, 10 La. Ann. 737, the court held that a foreign insurance company cannot frustrate a suit against it by revoking its agency, after it has been notified that suit is to be brought.

[5] Neither could the Southern in this case revoke the appointment of its agent or avoid process against it, by a failure to appoint a statutory agent as required by law. Hockaday had been the Southern's agent for a number of years, duly appointed under provision of the statute. His agency had not been revoked by

cancellation of his power of attorney nor by appointment of his successor. He was, therefore, as a matter of fact and law, the statutory agent of the Southern in Virginia at the time of the service of the process. The return of the officer upon the process must be read in the light of these principles of law and it cannot be said, when so read, to be void on its face. The question here involved we think, therefore, comes within the doctrine laid down by Judge Christian in the *Royster Case, supra.*

[6–8] 2. The claim that the judgment against the American Railway Express Company is invalid is based upon the contention that the service of process was void and that it was void because sections 3845 and 3846 of the Code of 1919 are unconstitutional. These sections appear in the margin*. It is first contended that the defendant is a foreign corporation engaged in interstate commerce and that as such it cannot be made to conform to conditions precedent

---

*Section 3845. "Every corporation created by the laws of another State or foreign country and doing business in this State, * * * * * * shall, by written power of attorney, appoint the Secretary of the Commonwealth and his successor in office, its agents, upon whom shall be served all lawful process against, or notice to such company or society, and who shall be authorized to enter an appearance in its behalf. The service shall only be made upon the Secretary of the Commonwealth, or, in his absence, upon the person in charge of his office, and shall be made in duplicate. A copy of such power of attorney, duly certified and authenticated, shall be filed with the Secretary of the Commonwealth, and copies thereof duly certified by the Secretary of the Commonwealth shall be received as evidence in all the courts of this State. No judgment shall be entered against a foreign corporation under this section until after the process has been served, as aforesaid, at least ten days."

Section 3846. "Whenever lawful process against, or notice to, any such company or society shall be served as provided in the preceding section, the Secretary of the Commonwealth shall forthwith mail a copy of such process or notice to the company or society, or, in case of companies or societies of foreign countries, to the resident manager, if any, in this country. * * * * A judgment, decree, or order of the court entered or made against any such company or society, after service of process or notice, as aforesaid, shall be as valid and binding on said company as if it had been incorporated under the laws of this State and served with process or notice therein."

to its doing business in Virginia, under authority of *Crutcher* v. *Kentucky*, 141 U. S. 47, 11 S. Ct. 851, 35 L. Ed. 649, and like cases.  It seems to us a complete answer to this contention is that the defendant had complied with the provisions of the statute and appointed the Secretary of the Commonwealth as its agent, and it cannot now be heard to complain after it had accepted the provisions of the statute and complied with it.  *State* v. *Bennett* (Missouri), 288 S. W. 50.  It is also clear that section 3845 requiring the appointment of the Secretary of the Commonwealth as the statutory agent in Virginia of foreign companies whether engaged in interstate commerce or not is not subject to the objection urged against it by defendant even if exceptions had been taken to it at an earlier date.

[9] But it is claimed that sections 3845 and 3846 are unconstitutional for the reason that they do not provide that the return upon a process executed thereunder shall show that the process has been brought to the attention of or actually served upon a foreign corporation; that is that there is nothing in the instant record to show by a proper return that the Secretary of the Commonwealth forthwith mailed a copy of the process to the defendant.

It is alleged that section 3846 required the Secretary of the Commonwealth to forthwith deliver a copy of the process to the foreign corporation, but that the statute does not require any return by him of what he has done or by the sheriff showing that the Secretary of the Commonwealth has complied with this requirement.  This the defendant claims deprives it of due process of law and is in violation of the fourteenth amendment of the Constitution of the United States and of section 11 of the Constitution of Virginia.  The con-

clusion. is then reached that because of these facts, service of process under the provisions of 3846 is void.

[10, 11] On the other hand the plaintiff contends that sections 3845 and 3846 are not unconstitutional and that the return of the officer heretofore set out in full shows that it was served on B. O. James, Secretary of the Commonwealth of Virginia, and as such Secretary of the Commonwealth the statutory agent for the American Railway Express Company, and is a sufficient return to give the court jurisdiction over the defendant. We agree with the contention of the plaintiff that since the Secretary of the Commonwealth was, by appointment of the defendant, its statutory agent in Virginia, a return of an officer showing that process has been served upon such statutory agent of a foreign corporation, of itself, would ordinarily be sufficient to give the court jurisdiction. Section 6064 of the Code of 1919 provides that process against a foreign corporation must be served on its statutory agent. The service in the instant case is strictly in compliance with this section and if there had been no further provision requiring the Secretary of the Commonwealth to mail a copy to the foreign corporation the service would still have been legal. The additional duty imposed upon the Secretary of the Commonwealth was added out of abundant precaution. But the statute requiring this additional duty does not at the same time require a return showing that the Secretary of the Commonwealth has complied with this provision. The fact that he has complied is not a necessary part of the return, and it would be presumed (*Commonwealth v. Deford*, 137 Va. 542, 120 S. E. 281), unless it was shown to the contrary, that he had done his duty in this respect, just as it would be presumed that the fact of service upon any other agent would be reported

to the corporation.  The facts are, according to stipulation of counsel in the record—"(1) That long prior to the adoption of the Code of Virginia, 1919, and always subsequent to that date, he, the said B. O. James, has been the Secretary of the Commonwealth of Virginia.

"(2) That the American Railway Express Company has, by written power of attorney, appointed the Secretary of the Commonwealth of Virginia and his successor in office, its agent, upon whom shall be served all lawful process against or notice to such company, and who shall be authorized to enter an appearance in its behalf.

"(3) That the process in the above styled action was by the sheriff of the city of Richmond served upon him and such process was by the Secretary of the Commonwealth forthwith mailed to the said defendant company by sending said process to its agent in the city of Richmond, Virginia, W. K. Weaver, and was received by the said Weaver.

"(4) That this was done because the American Railway Express Company had requested in writing the Secretary of the Commonwealth when any such process or notice was served upon him, as its statutory agent, that such process should be forwarded to W. K. Weaver, its manager or principal agent in the city of Richmond, Virginia.  That the American Railway Express Company was at the time of such service doing business in the State of Virginia.

"(5) That in giving this testimony the Secretary of the Commonwealth would state that in the hundreds of cases in which he has been served with process as the statutory agent of foreign corporations doing business in the State of Virginia, this is the first time he has been called on to testify whether he forthwith mailed

a copy of such process or notice to such foreign corporation."

That the service upon the Secretary of the Commonwealth in this case was effective, is attested by the fact that the defendant appeared, first specially, to move to quash the return, and afterwards to contest the case on its merits, and it is here defending the action on a writ of error in this court. Numerous cases are cited by the defendant which, it claims, support its contention as to the unconstitutionality of the act in question. There is nothing in any of these cases which supports that contention in our opinion. See *Richardson, etc. v. Scott,* 122 Okl. 125, 251 Pac. 482. On the contrary there are numerous cases which hold that service upon a State officer as designated agent for a foreign corporation is sufficient. *Knapp* v. *Nat. Ins. Co.* (C. C.), 30 Fed. 607; *Osborn* v. *Ins. Co.,* 51 Vt. 278; *Hazeltine* v. *Ins. Co.* (C. C.), 55 Fed. 743; *Lafflin* v. *Ins. Co.,* 24 N. E. 934, 121 N. Y. 713; *Rehm* v. *Ins. Co.,* 125 Ind. 135, 25 N. E. 173; *South Pub. Co.* v. *Fire Ass'n, etc.,* 67 Hun, 41, 21 N. Y. S. 675; *Westchester, etc., Ins. Co.* v. *Coverdale,* 48 Kan. 446, 29 Pac. 682; *Cella Commission Co.* v. *Bohlinger* (C. C. A.), 147 Fed. at page 421, 8 L. R. A. (N. S.) 537.

In *Gibbs* v. *Queen Ins. Co.,* 63 N. Y. 114, 20 Am. Rep. 513, it was held that service upon a designated agent of a foreign corporation gives jurisdiction over it if the corporation has property in the State or the cause of action arose there. It seems clear that service of process was had upon the defendant's duly appointed statutory agent, and the act providing for such appointment and service of process is not unconstitutional.

[12] 3. The demurrer was properly overruled. See *Amer. Ry. Ex. Co.* v. *Royster Co., supra,* and *Matthews* v. *LaPrade,* 144 Va. 811, 130 S. E. 788.

[13, 14] 4. As to the fourth contention it is sufficient to say we are not disposed to reverse the decisions reached in the *Downing* and *Royster Cases, supra.* In the latter case, quoting from the *Downing Case,* Judge Christian said: " 'When two or more corporations are consolidated into a new corporation with a new name, and the constituent corporations go out of existence, if no arrangements are made respecting their property and liabilities, the consolidated corporation will be answerable for their liabilities, at least to the extent of the property acquired from the constituent corporation whose liability is sought to be enforced against the consolidated corporation. As to the constituent corporation going out of existence, it is held: 'It is not essential to the liability of the corporation for the debts or claims against its constituent corporation that the constituent companies cease to exist *de jure* upon the organization of the new corporation. The going out of existence of the constituent companies is the cessation of all actual transactions of business as a going concern. Its continued existence *de jure* for the purpose of winding up its affairs is immaterial.' "

Upon the whole case, therefore, we are of opinion to affirm the decision of the trial court.

*Affirmed.*