[No. 24002. *En Banc.* October 13, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Bond & Goodwin & Tucker, Incorporated, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY *et al., Respondents.*[1]

*Todd, Holman & Sprague* and *Eugene C. Luccock,* for relator.

*Kimball & Blake, Wakefield & Witherspoon,* and *Herbert W. Erskine,* for respondents.

MAIN, J.—This is an application for a writ of prohibition directed to the superior court for Spokane county.

The relator, Bond & Goodwin & Tucker, was a corporation organized under the laws of Delaware. About the year 1926, it qualified with the laws of this state relating to foreign corporations that desired to do business here. It opened an office in the city of Spokane, and appointed a statutory agent. On or about November 29, 1929, the corporation ceased to transact business in this state, and withdrew therefrom. During the same year, the statutory agent left this state

and went to California, where he has since continuously resided.

W. A. Monroe commenced an action in the superior court of Spokane county against the corporation, and on April 18, 1932, caused a copy of the summons and complaint to be left in the office of the secretary of state of this state. The summons and complaint were delivered to an assistant secretary of state, and were stamped "received" and filed. No notice of the receipt of the copy of the summons and complaint and the filing thereof was sent by that officer to the corporation or any of its officers.

By a statute of the state of Delaware, it is provided that all corporations, whether they expire by their own limitation or are otherwise dissolved, may nevertheless be continued for the term of three years from such expiration or dissolution for the purpose of prosecuting or defending suits by or against them. The notice of dissolution of the corporation was filed with the secretary of state of this state December 5, 1929.

Rem. Comp. Stat., § 3854, provides that, in case a foreign corporation shall revoke the authority of its designated agent after its withdrawal from the state and prior to the time the statutes of limitations shall run against causes of action accruing against it,

". . . then in that event service of process, pleadings and papers in such actions may be made upon the secretary of state of the state of Washington, and the same shall be held as due and sufficient service upon such corporation."

It will be noticed that, in that provision for substituted service, there is no requirement that the secretary of state shall forward notice to the corporation or to its officers.

After the action was begun in the superior court, the corporation entered a special appearance and

moved to quash the service, which motion was denied, and the corporation applied here for the writ above indicated.

The first question is whether the superior court had jurisdiction by reason of the service upon the secretary of state, in view of the fact that the statute of this state did not require that officer to send notice to the corporation or its officers. In this connection, it is contended that the statute is unconstitutional under the fourteenth amendment to the constitution of the United States, which provides, among other things, that no state shall deprive any person of property "without due process of law." It is said that, in order to satisfy the requirements of the Federal constitution, the statute should have provided that the secretary, after a copy of the summons and complaint were served upon him, should have sent notice to the corporation, the defendant in the action.

In *Mutual Reserve Fund Life Assn. v. Phelps,* 190 U. S. 147, a foreign corporation had gone into the state of Kentucky, complied with its laws, and afterwards ceased to do business therein because it was required to withdraw from the state. It was pointed out in the opinion that whether it voluntarily withdrew, or compulsorily, was immaterial. In that state, there was a statute which provided that, where a foreign corporation had come into the state, qualified with the laws thereof with reference to doing business, and had subsequently withdrawn, service of process could be had upon it by serving the state insurance commissioner. In that case, after referring to and quoting from the opinion of the court of appeals of Kentucky sustaining the service and commenting thereon, it was said:

"As an original question, and independently of any expression on the part of the Court of Appeals, we are of the opinion that such is the true construction.

This and other kindred statutes enacted in various states indicate the purpose of the State that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek for the purpose of enforcing his claims the State in which the corporation has its home. Many of those statutes simply provided that the foreign corporation should name some person or persons upon whom service of process could be made. The insufficiency of such provision is evident, for the death or removal of the agent from the state leaves the corporation without any person upon whom process can be served. In order to remedy this defect some States, Kentucky among the number, have passed statutes, like the one before us, providing that the corporation shall consent that service may be made upon a permanent official of the State, so that the death, removal or change of officer will not put the corporation beyond the reach of the process of the courts. It would obviously thwart this purpose if this association, having made, as the testimony shows it had made, a multitude of contracts with citizens of Kentucky, should be enabled, by simply withdrawing the authority it had given to the insurance commissioner, to compel all these parties to seek the courts of New York for the enforcement of their claims. It is true in this case the association did not voluntarily withdraw from the State, but was in effect by the State prevented from engaging in any new business.''

It is true that there is no mention made in that opinion as to whether the state statute contained a provision for notice in the event of service upon a state officer, but the doctrine is plainly stated that the corporation, by complying with the laws of the state, consented to service upon an official of the state in accordance with the laws of that state.

In *Wuchter v. Pizzutti,* 276 U. S. 13, 57 A. L. R. 1230, the court had before it a statute of the state of New Jersey, which provided that, in actions by residents of

that state against non-residents for personal injuries resulting from the operation by the latter of a motor vehicle on the state highways, service of summons could be made on the secretary of state as their agent, and it was there held that jurisdiction could not be obtained under the statute by serving the state officer, because there was no provision in the statute that the officer should give notice to the defendant. In that case, the non-resident operator of the automobile against whom the action was brought had not impliedly consented to be bound by the laws of the state of New Jersey, as is the case of a foreign corporation coming into a state to do business and qualifying with its laws.

In the opinion in that case, it was pointed out that statutes providing that non-resident corporations may properly be served by leaving summons with a state officer, where the corporation has not indicated a resident agent to be served, were not particularly applicable to the situation then before the court. After reviewing a number of decisions from the state courts, the court concluded with the statement that the general trend of authority was toward sustaining the validity of service of process, provided there is a reasonable probability that, if the statute was complied with, the defendant would receive notice. It was there held that:

"The cases, in which statutes have been upheld providing that non-resident corporations may properly be served by leaving a summons with a state official, where the corporation has not indicated a resident agent to be served, are not especially applicable to the present statute. *Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co.*, 243 U. S. 93; *Simon v. Southern Ry. Co.*, 236 U. S. 115; *Old Wayne Mutual Life Association v. McDonough*, 204 U. S. 8. Such corporations may properly be required to accept service through a public officer as a condition of their doing business in the state. Their knowledge of the statutory requirement may perhaps prompt frequent in-

quiry as to suits against them of their appointed agent or at the office of the public official to be served, but it could hardly be fair or reasonable to require a non-resident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the Secretary of State to learn whether he has been sued. Even in cases of non-resident corporations, it has been held that a statute directing service upon them by leaving process with a state official is void if it contains no provision requiring the official, upon whom the service may be made, to give the foreign corporations notice that suit has been brought and citation served.

. . .

"These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here."

It will be seen that it is expressly pointed out in the opinion that

". . . such corporations [foreign corporations] may properly be required to accept service through a public officer as a condition of their doing business in the state."

Following this, it is pointed out that their knowledge of the statutory requirements may prompt frequent inquiry as to suits against them, by their appointed agent or at the office of the public official to be served, but that it would hardly be fair and reasonable to require

". . . a non-resident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the secretary of state to learn whether he has been sued."

In *Consolidated Flour Mills Co. v. Muegge,* 278 U. S. 559, the court reversed, without an opinion, upon the authority of *Wuchter v. Pizzutti,* 276 U. S. 13,

*supra,* a decision of the supreme court of Oklahoma sustaining the service upon a foreign corporation, which had done business in that state, by serving a state officer. In that case, however, as expressly pointed out in the decision of the supreme court of Oklahoma *(Consolidated Flour Mills Co. v. Muegge,* 127 Okla. 295, 260 Pac. 745),

"The defendant had not obtained authority to do business in the state of Oklahoma and had not designated an agent upon whom service of process could be made."

It had not therefore consented to be bound by the laws of that state with reference to the service of process. The statute of Oklahoma did not provide for notice by the officer to the corporation.

There appears to us to be a clear distinction between a foreign corporation which goes into a state, complies with the laws thereof, and thereby consents to be bound by such laws, and an individual who merely passes through a state in an automobile or a corporation which has done business in the state without compliance with these laws and without consenting to be bound thereby. This distinction is recognized in *Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co.,* 243 U. S. 93, where, after referring to certain cases, it is said:

"In the above mentioned suits the corporations had been doing business in certain States without authority. They had not appointed the agent as required by statute, and it was held that service upon the agent whom they should have appointed was ineffective in suits upon causes of action arising in other States. The case of service upon an agent voluntarily appointed was left untouched. 236 U. S. 129, 130. If the business out of which the action arose had been local it was admitted that the service would have been good, and it was said that the corporation would be presumed to have assented."

This same distinction is recognized in the case of *Wuchter v. Pizzutti,* 276 U. S. 13, *supra,* where ·it is pointed out that foreign corporations may properly be required to accept service through a public officer as a condition of their doing business in the state. It is true that, as a general rule, a foreign corporation, by seeking and obtaining permission to do business in a state, does not thereby become obligated to comply with or estopped from objecting to any provision of the state statutes which may be in conflict with the constitution of the United States. *Hanover Fire Ins. Co. v. Carr,* 272 U. S. 494, 49 A. L. R. 713; *Power Mfg. Co. v. Saunders,* 274 U. S. 490. But before that rule would become applicable, it must definitely appear that the state statute impinges upon the Federal constitution.

The question of whether the statute of this state under which service of process was made in this case provides for due process of law, presents primarily a Federal question. As we understand the decisions of the supreme court of the United States, it has not yet been definitely determined that a statute such as the one now before us is obnoxious to the fourteenth amendment to the Federal constitution. It will be admitted that the question is by no means free from doubt, but we think that the doubt by this court should be resolved in favor of sustaining the jurisdiction of the superior court. If we are in error in this, after the case has been tried upon the merits and there .is another appeal, the question can then be considered again, and that error can be corrected by the Federal supreme court, which is the court of last resort and highest authority. On the other hand, if we should deny the jurisdiction and be in error, an injustice would be done which could not later be corrected.

The next question is whether the statute denies

to the relator, the corporation, the equal protection of the laws. In the fourteenth amendment to the Federal constitution, it is provided that no state shall make or enforce any law which "shall abridge the privileges or immunities of citizens of the United States." It is said that the law now before us discriminates against a foreign corporation in the manner of service as against a domestic corporation or an insurance company, because, with reference to those, the statutes (Rem. Comp. Stat., § 227, § 7040) provide that, when service cannot be obtained upon the corporation, process may be served upon the secretary of state and he is required to give notice thereof.

In *Power Mfg. Co. v. Saunders*, 274 U. S. 490, it is pointed out that there may be subjects as to which foreign corporations may be differently classified from domestic. This question, like the one previously considered, is in the doubtful zone, and, for the reasons already indicated, we think that doubt should be resolved in favor of sustaining the statute.

There is the further contention that the service upon the assistant secretary of state was not sufficient, and that, to be effective, it was necessary that it be served upon the secretary of state. While the statute says "secretary of state," it would by hypertechnical to hold that service upon an assistant secretary did not comply with the statute.

The writ will be denied.

TOLMAN, C. J., HERMAN, BEALS, MITCHELL, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—The service of summons and complaint on Bond & Goodwin & Tucker, Inc., was attempted to be made under the provisions of Rem. Comp. Stat., § 3854, relating to foreign or nonresident corporations, which, after prescribing how

such corporations shall constitute and appoint agents, change them from time to time, and file notice of such appointments in the office of the secretary of state, in part, reads:

"In case said corporation shall revoke the authority of its designated agent after its withdrawal from this state and prior to the time when the statutes of limitations would have run against causes of action accruing against it, then in that event service of process, pleadings and papers in such actions may be made upon the secretary of state of the state of Washington, and the same shall be held as due and sufficient service upon such corporation."

The objection of relator to the service attempted under the statutory provisions above quoted, is that it would deprive relator of its property without due process of law and in violation of clause one of the fourteenth amendment to the United States constitution, and is therefore void.

It must first be noted that our statute providing for service upon a nonresident corporation makes no provision for notice by the secretary of state to the corporation, or the delivery of a copy of the process by him to such corporation.

*Wuchter v. Pizzutti,* 276 U. S. 13, 57 A. L. R. 1230, involved a statute of New Jersey, which provided that, in actions by residents of that state against nonresidents for personal injuries resulting from the operation by the latter of their motor vehicles on the state highways, service of summons might be made on the secretary of state, as their agent, which contained no further provision making it reasonably probable that notice of such service would be communicated to the defendants, held that the statute was lacking in due process of law, reversing the state court (*Pizzuti v. Wuchter,* 103 N. J. L. 130, 134 Atl. 727). A valid reason would have been the fact that, in such personal

injury cases, there would be little likelihood, unless notice by the secretary of state was required, such transient, nonresident defendants would receive any notice and judgments could be obtained against responsible nonresident defendants without notice, thus taking property without due, or any, process, and in violation of the Federal constitution.

A case decided by the supreme court of Virginia, *Du Pont Engineering Co. v. Harvey Const. Co.*, 158 S. E. (Va.) 891, decided some three years after the decision in the *Wuchter* case, *supra*, seemed logical in reasoning and in result, sustaining substituted service on a state officer. Examination discloses, however, that the *Du Pont* case, which did not fully set out the provisions of the Virginia statute, followed an earlier case by the same court, *American Ry. Express Co. v. Fleishman, Morris & Co.*, 149 Va. 200, 141 S. E. 253, which did. The statutes of Virginia there set out were Code of 1919, §§ 3845, 3846, the first section of which had similar provisions to the first provisions of our § 3854, *supra*, relating to foreign corporations; and the second section provided that, whenever lawful process against, or notice to, any such company or society should be served as provided in the preceding section, the secretary of the commonwealth should forthwith mail a copy of such process or notice to the company or society, etc.

It is thus seen that the Virginia statute contained a provision for notice to be forwarded by the secretary of the commonwealth to the nonresident corporation, which the New Jersey statute did not prescribe as to nonresident defendants, whether private or corporate.

In another case, *Consolidated Flour Mills Co. v. Muegge*, 278 U. S. 559, that court reversed a decision by the supreme court of Oklahoma, merely saying: "Reversed on the authority of *Wuchter v. Pizzutti*,

276 U. S. 13.'' It is necessary, therefore, to turn to the decision of the supreme court of Oklahoma in the last cited case to determine what statute was there interpreted, which that court decided was not in contravention of the fourteenth amendment or due process clause of the Federal constitution. *Consolidated Flour Mills Co. v. Muegge,* 127 Okla. 295, 260 Pac. 745. That court cited, as a case in point, *Kaw Boiler Works v. Frymyer,* 100 Okla. 81, 227 Pac. 453. In the last citation, the statute of Oklahoma, relating to service on foreign corporations doing business in Oklahoma and which had failed to appoint an agent, was quoted, which provided:

''Service of summons or any process upon the Secretary of State shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject-matter.''

In these two cases, the Oklahoma court reviewed a large number of cases, both state and Federal, bearing upon the questions, and held their statute would not contravene the Federal constitution. The supreme court, as is seen by the decision in 278 U. S. 559, held that the statute did violate the provisions of the Federal constitution relating to due process, and therefore reversed it.

It is to be observed that our insurance code, Rem. Comp. Stat., § 7044, when providing for service against foreign insurance companies, requires duplicate copies to be served upon the state commissioner of insurance; and upon such service being made, the commissioner shall forthwith mail one of such duplicate copies to the company at its home office or general agency, or, in case of an alien company, to the resident manager, if any, in this country.

If § 3854, *supra,* providing for service on a nonresident, or a withdrawing corporation, contained sim-

ilar provisions, doubtless it would be valid under the *Wuchter* and *Muegge* decisions. But it has no such provision.

As to its right to question such state laws as objectionable to provisions of the Federal constitution, after seeking and obtaining permission to do business in a state by a foreign corporation, see *Powers Mfg. Co. v. Saunders*, 274 U. S. 490, and cases cited, allowing such right.

This being the sole question to determine in this proceeding, as we are bound by the decisions of the supreme court of the United States respecting the law applicable, under these later decisions, I am forced to conclude that the writ should be granted.

For the foregoing reasons I dissent.

STEINERT and PARKER, JJ., concur with HOLCOMB, J.