[No. 23899. Department Two. October 17, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Colum-bia River Paper Mills, Plaintiff,* v. THE SU-PERIOR COURT FOR SPOKANE COUNTY *et al., Respondents.*[1]

*Griffith, Peck & Coke* and *Post, Russell, Davis & Paine,* for relator.

*Kimball & Blake, Wakefield & Witherspoon,* and *Herbert W. Erskine,* for respondents.

MAIN, J.—This is an application for a writ of man-damus to require the superior court of Spokane county to transfer an action, which had been begun in that county, to Clark county for the purpose of trial.

In the action, W. A. Monroe was plaintiff, and there were a number of defendants, three of which were Bond & Goodwin & Tucker, Inc., the Columbia River Paper Mills, a corporation, and Fred W. Leadbetter.

[1] Reported in 15 P. (2d) 665.

Bond & Goodwin & Tucker was a corporation organized under the laws of Delaware, which had come into this state and complied with the laws thereof, opened an office for the transaction of business in the city of Spokane, and subsequently had withdrawn from the state. After it entered the state and prior to the time it withdrew, and during the time that it had an office for the transaction of business in the city of Spokane, the transactions out of which the litigation arose occurred. The action having been begun after Bond & Goodwin & Tucker had withdrawn from the state, jurisdiction was obtained of that corporation by serving process upon the secretary of state.

The Columbia River Paper Mills is a corporation organized under the laws of this state, with its principal place of business in Vancouver, Clark county. It has not, at any time, maintained an office in Spokane county or transacted business there. Fred W. Leadbetter was, at all times mentioned in the complaint, and is at the present time, a resident of Clark county.

Process was served upon the Columbia River Paper Mills and Leadbetter in Clark county. They appeared in the action and moved to have the case transferred to that county for the purpose of trial. These motions being overruled, they each applied here for a writ of mandamus to require the trial court to make the transfer.

The question is whether the trial court erred in refusing to transfer the case to Clark county.

Rem. 1927 Sup., § 205-1, provides:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at

the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided.''

It will be observed that, by the first sentence of the statute, it is provided that, where there is more than one defendant, the action may be brought in any county where one of the defendants resides at the time of the commencement of the action. In the second sentence, it is provided that, for the purposes of the act, . the residence of a corporation shall be deemed to be in any county where the corporation transacts business, or has a place for the transaction of business, ''or transacted business at the time the cause of action arose.''

In the present case, at the time the causes of action arose, which are stated in the complaint, Bond & Goodwin & Tucker was transacting business in Spokane county, and the action against it, under the express .terms of the statute, was properly brought there.

In the recent case of *State ex rel. Bond & Goodwin & Tucker v. Superior Court,* 169 Wash. 688, 15 P. (2d) 660, it was held that, by service of process upon the secretary of state, the superior court of Spokane county had acquired jurisdiction of that defendant.

In *State ex rel. Swartz Motor Co. v. Superior Court,* 157 Wash. 631, 289 Pac. 1023, an action was begun in Whatcom county against a foreign insurance company and a corporation organized under the laws of this state, with its principal place of business in King county. The action was instituted in Whatcom county, and jurisdiction was obtained of the insurance company by service of process upon the state insurance commissioner. The business out of which the litigation arose was transacted by the insurance company in Whatcom county. The corporation defendant, with its principal place of business in King county, moved

28

that the action be transferred to that county for trial. It was there held, under the above quoted statute, that the King county corporation was properly joined as a defendant with the insurance company in Whatcom county, and was not entitled to have the action transferred to King county for the purpose of trial.

In *Headrick v. Martin,* 158 Wash. 238, 290 Pac. 994, the action was begun in Whatcom county against an individual residing in King county and a corporation. The business out of which the litigation arose was transacted by the corporation in Whatcom county. It was there held that the defendants did not have a right to have the cause transferred to King county for trial. ·

The two cases cited are directly in point, and are controlling. It would serve no useful purpose to review the authorities from other jurisdictions, because in this jurisdiction the question has been put at rest.

The writ will be denied.

TOLMAN, C. J., MILLARD, and BEALS, JJ., concur.

HOLCOMB, J. (dissenting)—For the reasons stated in my dissent in *State ex rel. Bond & Goodwin & Tucker v. Superior Court,* 169 Wash. 688, 15 P. (2d) 660, I dissent.