[No. 16026.  Department One.  December 11, 1920.]

WILLIAM H. PRATT, *as Receiver, etc., Appellant,* v.
NIAGARA FIRE INSURANCE COMPANY OF
NEW YORK, *Respondent.*[1]

INSURANCE (156)—ACTION ON POLICY—VENUE.  Under Rem. Code,
§ 6059-13½, authorizing an action upon an insurance policy in any
county where the cause of action arose, an action may be com-
menced in the county where the policy was applied for and written
and where the insured had its principal place of business, although
the property insured and destroyed was partly in an adjoining
county.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered May 28, 1920,
dismissing an action on a fire insurance policy, upon
objection to the venue.  Reversed.

*William H. Pratt* and *Charles Bedford,* for ap-
pellant.

*Ogden & Clarke,* for respondent.

FULLERTON, J.—The appellant, William H. Pratt, as
receiver of the Wilcox Lumber & Logging Company,
began this action in the superior court of Pierce
county against the respondent, Niagara Fire Insurance
Company of New York, to recover upon a fire insur-
ance policy issued by the latter named company to the
former, insuring it against loss by fire of certain of
its mill property.  Service of summons was made upon
the respondent by serving the state insurance commis-
sioner, pursuant to the provisions of the insurance
code (Rem. Code, § 6059-13½).  On its appearance in
the action, the respondent moved its dismissal, basing
its motion on the ground that the court in which the
action was instituted was without jurisdiction to hear
and try the cause.  The court, at the hearing, dismissed

[1]Reported in 194 Pac. 411.

the action, and from its order entered to that effect, this appeal is prosecuted.

The facts appearing from the complaint and from the concessions of the parties (embodied in the court's order of dismissal) were, in substance, these: The respondent is a corporation organized under the laws of the state of New York. The mill company is a corporation organized under the laws of the state of Washington, having its principal place of business at Hylebos, in Pierce county. This place is close to the boundary line between the counties of Pierce and King. The company was engaged in the lumbering business, and its lumber mill, while close to its principal place of business, was across the line therefrom and wholly situated in the county of King. In April, 1919, the company applied to an agent of the respondent, then a resident of and doing business in Pierce county, for insurance upon certain of its mill property situated on the King county side of the county line; and on April 4, 1919, the respondent, through the agent mentioned, issued the policy as requested. Subsequently, and while the policy was in force, the mill property covered by the insurance was wholly destroyed by fire. The mill company in due time made proof of its loss as required by the policy, and demanded payment in accordance with its conditions. Payment was refused and this action was begun, with the result before stated.

The insurance code, at the section before cited, provides that,

"Any insurance company may be sued upon a policy of insurance in any county within this state where the cause of action arose. . . ."

The trial court took the view that the cause of action arose when the fire occurred, and that, since the fire

occurred in King county, the cause of action arose and could be maintained only in that county, notwithstanding the contract of insurance was made, and the mill company's place of business was, in Pierce county. In this we think the court was in error. A cause of action, according to the definition given by Rapalje and Lawrence in their law dictionary, is the fact or combination of facts which give rise to a right of action. Here, manifestly, the fire was not the fact which alone gave rise to the right of action. It was only one in the combination of facts which gave rise to that right. The contract of insurance, the proofs of the loss which the contract of insurance required as a prerequisite to the right to payment, and the refusal to pay after these prerequisites had been complied with, were all elements of the right of action, each one singly and separately of as much importance in that regard as was the destruction of the property by the fire.

As the contract of insurance was made, and was payable, in one county and the insured property and the fire were in another, the cause of action arose in part in one county and in part in another, and the real question is, in which of these counties may the respondent be sued. The statute cited from the insurance code, it will be observed, does not follow the usual formula of similar statutes. It provides only that the action may be commenced in the county where the cause of action arose, while the usual provision is that it may be commenced in the county where the cause of action, or some part thereof, arose. Under statutes of the latter sort, it is held generally that where a cause of action arises in part in one county and in part in another, the action may be commenced in either of them, and the same principle should, we think, be applied to the statute in question. If the statute be con-

strued literally, it would operate as a denial of a right of action in cases of this sort, which manifestly was not the intent of the legislature.

The trial court, in dismissing the action, felt controlled by the case of *Davis-Kaser Co. v. Colonial Fire Underwriters Ins. Co.*, 91 Wash. 383, 157 Pac. 870. But that case differs from the present one in this: there, the cause of action arose entirely in one county and the action was commenced in another, while in the present case the cause of action arose in part in one county and in part in another, and the action was commenced in one of them. The difference in the facts between the cases differentiates the applicable rules, and the case is not controlling on the question here presented.

The order of dismissal is reversed, and the cause remanded with instruction to reinstate the cause, and proceed to its final determination as of a cause within the jurisdiction of the court.

PARKER, MOUNT, BRIDGES, and MACKINTOSH, JJ., concur.