[No. 17086.   Department One.   March 18, 1922.]

THE STATE OF WASHINGTON, *on the Relation of W. R. Nichols et al., Plaintiff,* v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *Respondent.*[1]

CORPORATIONS (262, 263) — ACTIONS — VENUE — PROCESS — AGENT. Non-resident surety companies may be sued in a county wherein they had a resident agent and office for the transaction of business, and where the bond in suit was negotiated, even though signed elsewhere.

VENUE (9-1)—RESIDENCE OF PARTIES—CO-DEFENDANTS. Where part of the defendants were properly suable in the county, co-defendants are not entitled to a change of venue on the ground of residence in another county.

Application filed in the supreme court February 8, 1922, for a writ of prohibition to prohibit the superior court for Grays Harbor county, Abel, J., from further proceeding with a cause.   Denied.

*A. R. Titlow,* for relator.

*John C. Hogan,* for respondent.

MITCHELL, J.—W. R. Nichols and others, a copartnership doing business in the name of Pacific Coast Paving Company, residents of Pierce county, Washington, entered into a contract with the state for the grading and paving of a highway in Grays Harbor county, Washington.  They gave a statutory contractors' bond, with the United States Fidelity and Guaranty Company of Baltimore and the Aetna Casualty and Surety Company of Connecticut as sureties, for the protection of laborers, materialmen and subcontractors.  In the prosecution of the work covered by the contract, the paving company procured certain

[1]Reported in 205 Pac. 745; 207 Pac. 1.

material from the Aberdeen Sand and Gravel Company. Upon the conclusion of its furnishing material, the Aberdeen Sand and Gravel Company filed a notice of claim against the contractors' bond, as provided by statute, for an amount claimed to be due on account of the material furnished. The claim and right of action thereon were assigned in writing by the Aberdeen Sand and Gravel Company to the Harold Blake Company, a corporation, which latter company thereafter commenced an action on the bond against the contractor and the two surety companies, in the superior court of Grays Harbor county. Upon the service of summons and complaint upon the defendants in that action, they appeared specially therein, and upon showing by affidavits that the four personal defendants and the partnership consisting of them were residents of Pierce county, and that the surety companies were nonresident corporations, demanded a change of venue, and that the cause be transferred to Pierce county for trial. The change of venue was denied by the trial court. Thereupon the present proceeding was brought in this court by all of the defendants in the action in the superior court to prohibit the trial court from further proceeding in the action. The application here has been presented upon the affidavits of relators and the return of the judge of the superior court to an alternative writ.

It satisfactorily appears that, at the time of the commencement of the action in the superior court, and at the time the cause of action arose, and for a long time prior thereto, each of the surety companies conducted and maintained an office for the transaction of, and were and had been actively engaged in, business in Grays Harbor county; that each of the surety companies had a regularly appointed and acting agent who

was a resident of Grays Harbor county; that service was had upon each of the surety companies by leaving with its agent, personally, a copy of the summons and complaint, in Grays Harbor county; and that all of these facts were of record and shown to be true at the time of the denial of the motion for a change of venue.

The action in the superior court is on the contractors' bond. The right to sue on the bond is given by the statute, § 1161, Rem. Code (P. C. § 9727), and, of course, the surety companies are proper parties.

The question presented is free from doubt. It is answered by the plain provisions of the statute. Section 206, Rem. Code (P. C. § 8543), declares that an action against a corporation may be brought in any county where the corporation transacts business at the time the cause of action arose, or where the corporation had an office for the transaction of business or any person resides upon whom process may be served against such corporation. Each of the surety companies is a corporation. Each transacted business in Grays Harbor county at the time the cause of action arose, and each, through its resident agent, had an office for the transaction of business in that county at the time of the commencement of the action. It is shown that each surety company, at its place of business in Grays Harbor county, maintained display signs advertising its business, and in the case of at least one of them, the agent had and used the seal of the company in the transaction of its business. It further appears that the bond in suit, so far as the surety companies are concerned, was negotiated through the agencies of the companies in Grays Harbor county, although it appears to have been signed elsewhere on behalf of the companies.

It thus appearing that two of the defendants were properly suable upon this cause of action in Grays

Harbor county and were served with process therein, it follows that all of the defendants were subject to the suit in that county, although others of them were residents of another county.

Writ denied.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.

### SUPPLEMENTAL OPINION.

[Department One. May 25, 1922.]

PER CURIAM.—It is considered advisable, if not necessary, for the sake of clearness, to supplement the opinion in this case by stating that the provisions of § 13½ of the insurance code, Laws of 1915, p. 589 [Rem. Comp. Stat., § 7045], as follows, "Any insurance company may be sued upon a policy of insurance in any county within this state where the cause of action arose, by serving the summons and a copy of the complaint upon the company, if a domestic company, or upon the commissioner, as attorney in fact of the company, if an alien or foreign company," were observed in this case, as service was made on the insurance commissioner at the commencement of the action, in addition to furnishing copies of the summons and complaint to the local agents of the insurance company in Grays Harbor county.

That the cause of action, or sufficient thereof, arose in Grays Harbor county to bring the case under the section of the insurance code above referred to, as that section has been construed in *Pratt v. Niagara Fire Ins. Co.,* 113 Wash. 347, 194 Pac. 411, appears from the record in this case and as pointed out in the main opinion herein.

This being a question of venue, the conclusion reached by the trial court and in our main opinion was correct.