[No. 16966.   Department One.   June 2, 1922.]

CHARLES DOMKE, *Respondent,* v. ERNST BROTHERS & FARNHAM, *Appellant.*[1]

NEW TRIAL (56)—PROCEEDINGS—REDUCTION OF EXCESS RECOVERY. The court may deny a new trial on condition that plaintiff remit an excess in the verdict which was a matter of mathematical calculation.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered August 1, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover an agent's commissions. Affirmed.

*Starkey & Creighton,* for appellant.
*Harry L. Cohn,* for respondent.

MITCHELL, J.—This action was brought to recover an agent's commission of $700 for the furnishing of purchasers of trucks to the defendant. From a judgment for the plaintiff, the defendant has appealed.

The testimony on behalf of the respondent showed that a commission of five per cent was agreed to be paid. Some question arose in the cross-examination of the respondent as to whether the commission was to be reckoned on the sale prices or on the factory prices of the trucks, whereupon the court instructed the jury in favor of the appellant in that respect.

The sale prices of the trucks were $14,000. The factory prices were $13,235. The verdict was in the sum of $700. The excess in the verdict was eliminated by the trial court upon denying a motion for a new trial on condition that judgment be taken in the sum of $661.75, or five per cent on the factory prices, which condition was complied with and judgment in that

[1]Reported in 207 Pac. 1.

amount was entered.    This the trial court was justified in doing under the facts and circumstances of the case —a conclusion which disposes of some other assignments of error presented by the appeal.

The main questions presented on the appeal are questions of fact, that is, whether there was any contract of employment and whether the customers were furnished by the respondent.    Upon both questions there was abundant testimony in favor of the respondent, and, although disputed on behalf of the appellant, we find no occasion to disturb the judgment.

Affirmed.

PARKER, C. J., TOLMAN, and BRIDGES, JJ., concur.