J. O. BROWNELL, Appellee, v. AETNA STATE BANK et al., Appellants.

VENUE: Official Action—Action to Annul. An action against a sheriff, to set aside an execution sale by him, must be brought in the county in which the sheriff made the sale, irrespective of the residence of other party defendants.

Headnote 1:   40 Cyc. pp. 88, 90.

*Appeal from Oelwein Superior Court.*—J. COOK, Judge.

APRIL 6, 1926.

ACTION in the superior court of Oelwein, Fayette County, against the sheriff and the clerk of the court of Buchanan County, to set aside an execution sale to plaintiff in the latter county. A motion by the defendants to transfer the cause to the district court of Buchanan County was overruled, and, on defendants' failure to plead further, a decree as prayed was entered. The defendants the clerk and the sheriff appeal.—*Reversed and remanded.*

*Allen Smith,* County Attorney, and *Hasner & Cherny,* for appellants.

No appearance for appellee.

VERMILION, J.—The action, begun in the superior court of

Oelwein, in Fayette County, is against the clerk of the district court and the sheriff of Buchanan County, and the Aetna State Bank, located in Fayette County.

It was alleged that the defendant and appellant Willey, as such sheriff, under and by virtue of an execution issued out of the office of the clerk of the district court of Buchanan County upon a judgment in that court, offered certain land in Buchanan County for sale; that the plaintiff and appellee asked the sheriff if the sale was under the foreclosure of a first mortgage on the land, and the sheriff informed him that it was; that thereupon, believing such statement to be true, appellee bid $6,000 at such sale, and the land was struck off to him, and he gave to the sheriff his certified check on the defendant bank for the amount of such bid; that thereafter, he learned that the sale was not under a first mortgage, and that there was a prior mortgage on the land in the sum of $10,000. The relief asked was that the bid be set aside, and that the appellant Ryan, the clerk of the Buchanan district court, be enjoined from presenting the check for payment, and the bank enjoined from paying it.

The appellants Ryan and Willey, the clerk and sheriff, respectively, of Buchanan County, entered a so-called special appearance, and moved the court to transfer the cause to the district court of Buchanan County, on the grounds (1) that the action was one for the determination of an interest in real estate wholly in Buchanan County, and (2) that the action was against public officers of Buchanan County for acts alleged to have been done by them as such officers in Buchanan County. The court overruled the motion to transfer. The defendants preserved an exception to the ruling and failed to plead further; and a decree was entered, setting aside the execution sale and enjoining the Buchanan County clerk from presenting the check for payment, and the bank from paying it.

We do not have the advantage of argument on behalf of the appellee.

It is a misnomer to denominate appellants' appearance in the court below a special appearance to object to the jurisdiction of the superior court. They appeared, to quote the language of their motion, "specially, for the purpose of objection to the jurisdiction of the court in the above entitled matter, by

way of moving the court to transfer said cause of action to the district court of Buchanan County.'' We have, then, only the question whether the motion to transfer the cause to the district court of Buchanan County should have been sustained.

Section 11036 of the Code of 1924 provides, so far as material:

''Actions for the following causes must be brought in the county where the cause, or some part thereof, arose: * * * 2. Those against a public officer * * * for an act done by him in virtue or under color of his office.''

The action was, in effect and to all intents and purposes, one against the sheriff of Buchanan County, to set aside an execution sale of real estate made by him, as such sheriff, in that county. This was the relief granted by the decree. The relief asked and granted against the clerk and the bank with reference to the payment of the check was merely auxiliary to the setting aside of the sale. The sheriff, in conducting the sale and receiving the check in settlement of appellee's bid, was acting officially, and in virtue of his office. No part of the act was done in Fayette County. The case is within the statute.

In *College of Physicians & Surgeons v. Guilbert,* 100 Iowa 213, where a writ of certiorari was issued by the superior court of Lee County to the state board of health, it was held that a motion to transfer the cause to Polk County, where the meeting of the board was held at which the action complained of was taken, should have been sustained.

Section 11049 of the Code of 1924, providing that personal actions, except as otherwise provided, must be brought in the county in which some of the defendants actually reside, cannot aid appellee, although the bank, a resident of Fayette County, was made a party defendant. The statute ''otherwise provides'' in respect to an action against an officer for an act done in virtue of his office, that it must be brought in the county where the cause, or some part thereof, arose.

Since the motion to transfer the cause to Buchanan County should have been sustained on this ground, it is unnecessary to consider the other ground of the motion.

The cause is reversed and remanded, with direction to sustain the motion to transfer.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.