[No. 22561. Department Two. July 14, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Swartz Motor Company, Plaintiff*, v. THE SUPERIOR COURT FOR WHATCOM COUNTY, *Respondent*.[1]

*R. W. Greene*, for relator.
*Kerr, McCord & Ivey*, for respondent.

MAIN, J.—The question in this case is whether the trial court erred in ruling that a case which had begun in Whatcom county should be transferred to King county for trial.

The Swartz Motor Company is a corporation, organized under the laws of this state, with its principal place of business in Whatcom county. The Nute Motor Company is a corporation, organized under the laws of

[1]Reported in 289 Pac. 1023.

this state, with its principal place of business in King county. The American Surety Company is a foreign corporation, organized under the laws of the state of New York, and licensed to do business in this state.

August 9, 1928, the Nute Motor Company began an action in Whatcom county against the Swartz Motor Company and caused an attachment to be issued and levied. The American Surety Company was surety on the attachment bond. In that action, the attachment was quashed and a money judgment entered in favor of the Swartz Motor Company and against the Nute Motor Company. In February, 1930, an action was instituted on the bond in Whatcom county by the Swartz Motor Company against the Nute Motor Company and the American Surety Company for damages for wrongful attachment. Service upon the surety company was made by serving the state insurance commissioner. The action by the Swartz Motor Company upon the bond for damages for the wrongful attachment was the action which the trial court held should be transferred to King county for trial. When the Nute Motor Company and the American Surety Company appeared in that action, each of them appeared specially and moved to transfer the case to King county for trial.

The first question to be determined is whether the American Surety Company was transacting business in Whatcom county. The bond upon which it became surety, and which is the basis of the present action, was executed for use in that county, and this was such a transaction of business in the county as to authorize an action upon the bond therein. In *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984, it was held that, under the statutes authorizing a corporation to be sued in any county where it transacts or transacted business at the time the cause arose, an action

may be instituted against a corporation on a bond executed in the county in which the suit was brought, as that would be a transaction of business in that county within the meaning of the statute. It was there said:

"Furthermore, the execution of the bond which gives rise to the cause of action against it was executed by it for use in Douglas county. This would be such a transaction of business in that county as to authorize an action upon the bond therein."

In *State ex rel. Nichols v. Superior Court,* 119 Wash. 218, 205 Pac. 745, 207 Pac. 1, it was held that non-resident surety companies could be sued in a county where the bond in suit was negotiated, even though signed elsewhere. The surety company, therefore, was subject to an action in Whatcom county on the bond, and process was properly served upon the state insurance commissioner under Rem. Comp. Stat., § 7045. Whether the American Surety Company was transacting business in Whatcom county other than the executing of the bond in question for use therein, it is not material to inquire. The cause of action having arisen in Whatcom county, the American Surety Company having transacted business therein, in that it executed the attachment bond for use in that county, and service having been made upon the state insurance commissioner in accordance with the statute, the action, so far as that company was concerned, was properly brought in Whatcom county.

The next question is whether the Nute Motor Company, the principal place of business of which was in King county, and which was not transacting business in Whatcom county, may be joined as a defendant in an action in that county with the American Surety Company. Chapter 173, of the Laws of 1927, p. 194, provides:

"Section 1. An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided. Rem. 1927 Sup., § 205-1.

"Sec. 2. An action against a non-resident of the state may be brought in any county where service of process may be had." Rem. 1927 Sup., § 205-2.

The first sentence of § 1 provides that an action may be brought in any county in which the defendant resides, and if there be more than one defendant, where some one of them resides at the time of the commencement of the action. The second sentence specifies that, for the purpose of this act, the residence of a corporation defendant shall be deemed to be in the county where the corporation transacts business or transacted business at the time the cause of action arose. Under this statute, the action having been properly brought in Whatcom county against the American Surety Company, it was proper to join the Nute Motor Company in the same action, even though the latter company was not transacting business therein.

Whatever may be the effect of § 2, it does not mean that, where an action is properly begun against a foreign corporation in one county, a resident corporation may not be joined with it in that county, even though such resident corporation has its principal place of business in another county in the state.

The action having been properly brought in Whatcom county, there was no lack of jurisdiction in that

county over either one of the corporations, and the trial court was in error in believing that the cause should be transferred to King county for trial.

The writ will issue.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.