[No. 22321. Department One. August 19, 1930.]

FRANK E. HEADRICK, *Respondent*, v. C. F. MARTIN *et al.*, *Appellants.*[1]

[1]Reported in 290 Pac. 994.

*Allen & Walthew,* for appellants.
*Sather & Livesey,* for respondent.

TOLMAN, J.—Respondent, plaintiff below, brought this action to recover moneys earned as a subcontractor under appellant Martin, who was the general contractor for the erection of a building at the State Normal School at Bellingham, Washington. The bonding company which furnished the general contractor's bond, and the trustees of the Normal School, were made parties defendant. The plaintiff also sought a reformation of the terms of his contract on the ground of mutual mistake, and to enforce a lien against the moneys earned by the general contractor.

Reformation of the contract was denied; but findings of fact favorable to the plaintiff were made by the trial court and he was awarded a judgment for $4,461.05, partly for extras and partly for a balance due under the terms of the contract, against both the principal contractor and his surety, together with an attorney's fee of three hundred dollars and costs; and the several sums were impressed as a lien upon any and all moneys in the hands of the trustees of the Normal School and available for the payment of claims incurred by the general contractor in the erection of the building. From this judgment the defendants have appealed. There being no cross-appeal, we are not now concerned with the question of the reformation of the contract.

■ ■ Appellants Martin and the Casualty Company were served with summons in King county, and in due course they moved for a change of venue to King county, supporting their motion with affidavits showing that Martin resided in King county and that the Casualty Company had no office or officer for the transaction of business in Whatcom county; but it appears that the bond executed by the Casualty Company, which is here involved and by reason of which it was made a party to this action, was executed for use in Whatcom county. That being so, the question of venue is governed by the recently decided case of *State ex rel. Swartz Motor Co. v. Superior Court,* 157 Wash. 631, 289 Pac. 1023. There may be, and probably are other reasons equally sound which support the trial court's ruling in denying the motion for a change of venue; but, as the case just cited is conclusive, they need not be inquired into.

■ It is also urged that demurrers should have been sustained to the complaint because two causes of action, one, an action at law against the general contractor and his surety to recover money, and the other, an equitable action to impress a lien upon the fund in the possession of the state, were improperly joined. But we think this contention is without substantial merit. There seems to be but one cause of action, i. e., that for the recovery of money; and if, by reason of the peculiar facts, the claimant has also lien rights of an equitable nature, it would seem to be for the benefit of all concerned that the whole controversy be decided in one action.

The other assignments of error, which are numerous, relate chiefly to questions of fact and because of their number and the extent of the testimony they cannot all be treated in detail. In the main, and except as otherwise mentioned, the evidence was conflicting, and after

a careful reading we are not prepared to say that it preponderates against the findings of the trial court.

The contract covered the brick and tile work on the building and provided, in effect, that, if more than 280,000 common brick were required to complete the work, respondent should be paid at the rate of thirty-six dollars per thousand for the excess of brick so laid. The specifications provided for furring on the inside of a portion of the first story of the outside wall with hollow tile. Respondent was permitted to use hollow brick in the place of hollow tile for this work, and claimed and was allowed thirty-six dollars per thousand as an extra for the brick so laid.

It appears rather conclusively that tile was specified and that, if tile had been used, respondent would have been obliged to furnish the tile required at his own expense under the contract. Having been permitted to use brick instead of tile, it seems to follow that he was equally bound to supply the brick under the contract. The amount of hollow brick so substituted for tile, which we find to be 7,500, was not an extra. Therefore, there should be deducted from the 24,000 brick which the trial court found had been used in excess of the 280,000 provided for in the contract, 7,500 brick, which, at thirty-six dollars per thousand laid, would reduce the judgment by two hundred and seventy dollars.

It was also admitted that, during the course of the work, appellant furnished to respondent lumber of the agreed value of $17.33. This item, by oversight apparently, was not credited by the trial court. All of the many assignments of error have been carefully considered, but we find nothing else which calls for correction or requires discussion.

The judgment is modified by reducing the amount from $4,461.05 to $4,173.72, and as so modified it will stand affirmed.

242

■ While appellants have secured a slight reduction in the judgment, yet the amount is so insignificant as compared with the whole that the order will be that each party bear his own costs in this court.

MITCHELL, C. J., PARKER, MILLARD, and BEALS, JJ., concur.