[No. 23777.   Department Two.   June 24, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Fred B. Hoffman, Plaintiff*, v. THE SUPERIOR COURT FOR FRANKLIN COUNTY, *Matt L. Driscoll, Judge, Respondent*.[1]

[1]Reported in 12 P. (2d) 607.

*G. M. Ferris,* for relator.
*Edward A. Davis* and *C. M. O'Brien,* for respondent.

MAIN, J.—By this proceeding, the relator sought to require the trial court to transfer an action which had been instituted in Franklin county to Spokane county for trial. The plaintiff in the action, Charles F. Stinson, is a resident of Franklin county. There are two defendants, one being Fred B. Hoffman, who resides in Spokane county; the other defendant, the New Jersey Fidelity & Plate Glass Insurance Company, is a corporation organized under the laws of the state of New Jersey, with its principal place of business in that state.

Hoffman, under the name of Spokane-Portland Auto Freight Line, operates automobile trucks between the city of Spokane and the city of Portland. One of these trucks, while passing through Franklin county and operated by one of Hoffman's employes, collided with an automobile owned and operated at the time by Stinson, the plaintiff. The action was to recover damages which resulted from this collision.

Summons and complaint were served upon Hoffman in Spokane county, and process was served upon the insurance company by delivering a copy of the summons and complaint to the state insurance commissioner in Thurston county, as the statute provides in the case of a foreign corporation. Hoffman interposed a motion, supported by affidavit, to transfer the cause to Spokane county, the place of his residence. This motion was resisted by the plaintiff, and the trial court declined to make the transfer.

■■ The question is whether Hoffman had a right to have the action transferred to the county of his residence, in view of the fact that the insurance company, a corporation, was a party defendant. Section 205-1, Rem. 1927 Sup., provides that:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided."

It will be observed that, by this section, when there is more than one defendant, the action may be brought in any county in which "one of the defendants resides at the time of the commencement of the action." It further provides that "the residence of a corporation defendant" shall be deemed to be in any county where the corporation (1) transacts business, (2) has an office for the transaction of business, (3) transacted business at the time the cause of action arose, or (4) where any person resides upon whom process may be served upon the corporation.

The insurance company came within none of these specifications, unless it can be said that it was transacting business in Franklin county at the time the cause of action arose, and this depends upon whether the mere fact that the truck, which was passing through Franklin county at the time of the collision, was covered by a policy written by the insurance company, constituted doing business in that county.

Before it can be said that a corporation is transacting business in a particular county, it must appear

that it transacted therein a part of its usual and ordinary business, and this must be continuous in the sense that it is distinguished from merely casual or occasional transactions. *Lucas v. Luckenbach Steamship Co.*, 141 Wash. 504, 252 Pac. 526. It cannot be held that the insurance company was doing business in Franklin county simply because it had written a policy which had covered the truck causing the collision.

In *State ex rel. Allen v. Superior Court*, 9 Wash. 668, 38 Pac. 206, it was held that "a resident of any county is entitled as a matter of right to be sued in the county in which he, or some of his co-defendants, reside, . . ." It thus appears that Hoffman was entitled to have the cause transferred to Spokane county, unless Rem. Comp. Stat., § 7045, which is one of the sections of the insurance code, requires otherwise. That section provides that any insurance company 'may be sued upon a policy of insurance in any county within the state where the cause of action arose. . . ." There is in that statute no provision covering a situation where an insurance company is joined as a party defendant with another who is a resident of a county other than the one in which the cause of action arose.

In *Nickell v. District Court of Clarke County*, 202 Iowa 408, 210 N. W. 563, there was presented to the supreme court of the state of Iowa this situation: An action was brought against a railway company and one of its engineers. In that state, there was a statute providing that an action could be brought against a railway corporation "in any county through which such road or line passed or is operated;" and also a statute which provided that "personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, . . ." The action was brought in a county in which the engineer,

who was a party defendant, did not reside, and he moved to transfer it to the county of his residence. It was held that the action should be transferred. In principle, it would be difficult to distinguish that case from the one now before us.

That case again came before the supreme court of that state in *Hinchcliff v. District Court,* 204 Iowa 470, 215 N. W. 605, and the previous ruling was adhered to. It was further held that the transfer as to the engineer operated as a transfer as to the railway corporation, even though the latter had not joined in the motion.

The cases of *Smith v. Patterson,* 159 N. C. 138, 74 S. E. 923, *Palmer v. Lowe,* 194 N. C. 703, 140 S. E. 718, and *State ex rel. Columbia National Bank v. Davis,* 314 Mo. 373, 284 S. W. 464, are to the same effect. In the case last cited, after citing and reviewing a number of authorities, the court approved the rule, as stated by Corpus Juris, to the effect that a statute, providing that a corporation may be sued in any county where the cause of action arose, does not apply where the corporation is sued jointly with another defendant, stating: "The soundness of the general rule as thus stated is not shaken by any of the cases cited by the relator."

Under section 205-1, above set out, Hoffman had a right to have the case transferred to the county of his residence, which was a valuable right. Under § 7045, above referred to, the insurance company could have been sued in the county where the cause of action arose had it not been joined with Hoffman. Under the authorities cited—and so far as we are informed there is none to the contrary—we think that the permission to maintain an action against an insurance company in any county in the state where the cause of action arose

does not overcome the right of a resident of the state to be sued in the county of his residence.

Stinson relies upon the cases of *Pratt v. Niagara Fire Ins. Co.,* 113 Wash. 347, 194 Pac. 411, *State ex rel. Swartz Motor Co. v. Superior Court,* 157 Wash. 631, 289 Pac. 1023, and *Headrick v. Martin,* 158 Wash. 238, 290 Pac. 994, as sustaining the refusal of the trial court to transfer the action to Spokane county, but in none of those cases was the question here presented discussed or decided.

In the *Pratt* case, it was held that an action could be maintained on an insurance policy in the county in which the company did business, although the property insured and destroyed was partly in an adjoining county.

In the *Swartz* case, the action was brought in Whatcom county, where one of the defendant corporations did business. The other sought removal to King county, where its principal place of business was. It was held that, since one of the corporations was transacting business in Whatcom county, it was properly suable there, and that the other did not have a right to have the action transferred to King county, where its principal place of business was. This was for the reason, as provided in § 205-1, that the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business.

In the *Headrick* case, the action was against an individual and a corporation, and it was held that it was properly instituted in Whatcom county because the corporation was doing business in that county.

In the case now before us, Hoffman had a right to have the action transferred to Spokane county, the place of his residence.

The writ will issue.

HERMAN, BEALS, MILLARD, and HOLCOMB, JJ., concur.