21285

Ada STALHEIM, Appellant, v. Karl V. DOSKOCIL, M.D., William S. Hall, M.D. and James Jennings, M.D., Respondents. Ada STAL-HEIM, Executrix of the Estate of Martin Stalheim, Appellant v. Karl V. DOSKOCIL M.D., William S. Hall, M.D. and James Jennings, M.D. Respondents. Ada STALHEIM, Executrix of the Estate of Martin Stalheim, Appellant, v. Karl V. DOSKOCIL, M.D., William S. Hall, M.D. and James Jennings M.D. Respondents.

(269 S. E. (2d) 346)

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Attys. Gen. C. Tolbert Goolsby, Jr.,* and *Raymond G. Halford, Asst. Atty. Gen. Edwin E. Evans, State Atty. Robert D. Cook,* and *Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

August 14, 1980.

NESS, Justice:

This appeal is from an order granting respondents Doskocil, Hall and Jennings' motions for change of venue from Florence to Richland County in three consolidated negligence actions brought by appellant Stalheim. We affirm.

Respondents are the Superintendent of the South Carolina State Hospital, the State Commissioner of Mental Health and a staff psychiatrist at the State Hospital. Appellant alleges negligence causing her tortious injury and her husband's pain and suffering and wrongful death at the hands of an escaped mental patient.[1]

The sole issue is whether the trial court erred in granting respondents' motions for change of venue to Richland County. We hold it did not.

Section 15-7-20(2), Code of Laws of South Carolina (1976), provides in relevant part:

"Actions for the following causes must be tried in the county where the cause or some part thereof arose, subject to the like power of the court to change the place of trial:

"(2) Against a public officer . . . for an act done by him in virtue of his office . . ."

This section is mandatory, providing that actions against public officers for acts done by them in virtue of their offices *must* be tried in the county where the cause of action or some part thereof arose, subject only to the power of the court to change the place of trial. *Langford v. State Board of Fisheries,* 217 S. C. 118, 60 S. E. (2d) 59 (1960); *Fishburne v. Minott,* 72 S. C. 572, 52 S. E. 646 (1905). Respondents are public officers who allegedly committed tortious acts in office. The sole question is thus where the cause of action or some part thereof arose.

"A 'cause of action,' . . . consists of a primary right of plaintiff, a corresponding duty of defendant, and a wrong by defendant in breach of such right and duty." *Baldwin v. Bd. of Comm'rs.,* 196 S. C. 112, 115, 12 S. E. (2d) 846, 847 (1941). Considering the question from the standpoint of the primary right of appellant, it is clear

---

[1] For a more detailed summary of appellant's allegations, see *Stalheim v. Doskocil,* 273 S. C. 547, 257 S. E. (2d) 738 (1979).

the cause of action arose in Florence County, where she and her husband were attacked. Considering the question from the posture of the duty and alleged wrongs of respondents, it is equally clear the cause of action arose in Richland County, their official residence and the place where their alleged negligent acts occurred.

Where venue is proper in more than one county, the plaintiff ordinarily is given the rights to elect. *Mack v. Nationwide Mut. Ins. Co.,* 245 S. C. 619, 142 S. E. (2d) 50 (1965). However we are persuaded by the reasoning of those courts which have construed substantially identical statutes and have held venue to be in the county in which the public officer allegedly performed the acts giving rise to the action.[2] Otherwise, public servants might be required to defend lawsuits in any distant county of the State and encounter inflamed local feelings and prejudice. At this point the plaintiff's private convenience must yield to the public good.

Accordingly, we hold that where the plaintiff has not demonstrated any infirmity which would make prosecution of his action in the county where the public official presides unduly difficult or burdensome, *cf. Baldwin v. Bd. of Comm'rs., supra,* that county is the proper venue under Code § 15-7-20(2), *supra.*[3] Appellant has neither alleged nor proved any infirmity which would make prosecution of this action in Richland County unduly difficult or burdensome. Therefore, we affirm the trial court's order.

Affirmed.

[2] *E. g., Huerter v. Hasig,* 175 Kan. 781, 267 P. (2d) 532 (1954); *Ebenezer Soc. v. Minnesota State Bd. of Health,* 301 Minn. 188, 223 N.W. (2d) 385 (1974); *McFadden v. Maxwell,* 198 N. C. 223, 151 S. E. 250 (1930); *Cecil v. City of High Point,* 81 S. E. 616 (1914); *State ex rel. Dir. of Okl. Alc. Bev. Con. Bd. v. Smith,* 165 N. C. 431, 519, P (2d) 477 (Okl. 1974); *cf. McDonald v. State,* 86 S. D. 570, 199 N.W. (2d) 583 (1972).

[3] Our holding does not affect the trial court's power to change the place of trial under Code § 15-7-100.

256

LITTLEJOHN, J., and JOSEPH R. MOSS, Acting Associate Justice, concur.

LEWIS, C. J., and GREGORY, J., dissent.

LEWIS, Chief Justice (dissenting):

I would reverse the judgment of the lower Court and permit the trial of the case in Florence County.

The controling statute [Section 15-7-20(2)] permits the trial of the present action "in the county where the cause or some part thereof arose." It seems conceded that, at least, some part of the cause of action arose in Florence County. Whether or not policy considerations would favor a trial in Richland County is a legislative matter and not a judicial one. Regardless of this court's view of the matter, the statute has foreclosed the policy issue by allowing the trial in Florence County.

In view of the clear, plain language of the statute, I would reverse the judgment under appeal and, therefore dissent.

GREGORY, J., concurs.