**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
OCTOBER 22, 2021

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 4 P.M. ON
OCTOBER 22, 2021

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| JEFFREY JOHNSON,<br><br>           Respondent,<br><br>      v.<br><br>JAY INSLEE, Governor, in his official capacity; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; CHERYL STRANGE, Secretary of the Department of Corrections, in her official capacity; and the STATE OF WASHINGTON,<br><br>           Petitioners. | No. 100255-6<br><br>EN BANC<br><br>Filed: <u>October 22, 2021</u> |

PER CURIAM—Petitioners Governor Jay Inslee, the State of Washington, the Washington Department of Corrections, and Cheryl Strange, secretary of the Department of Corrections, sought this court's accelerated direct discretionary review of an order of the Franklin County Superior Court denying petitioners' motion to change venue to Thurston County Superior Court in an action brought by respondent Jeffrey Johnson challenging proclamations the governor issued requiring certain state employees to be vaccinated against COVID-19 by October 18, 2021. The merits of the underlying suit are not before us. In an order issued on October 11, 2021, we determined that mandatory venue for this action is in Thurston County Superior Court under RCW 4.12.020(2), and we therefore granted petitioners' motion for accelerated discretionary

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

review, reversed the order of the Franklin County Superior Court, and remanded to that court with directions to grant petitioners' motion to change venue without delay. Today, we explain the reasoning underlying our order.

### FACTS

This case arises out of the COVID-19 pandemic. In response to the pandemic, Governor Inslee issued a series of proclamations, first, declaring a state of emergency, and then following with additional proclamations imposing restrictions on public gatherings and requiring face masks in certain settings. A series of vaccines were approved for emergency use in early 2021, and the crisis showed signs of receding as more people were vaccinated. Then the even more communicable Delta variant of the virus that causes COVID-19 quickly spread, especially affecting the unvaccinated and resulting in hospitalizations and deaths.

On August 9, 2021, in response to this crisis, the governor issued Proclamation 21-14,[1] generally prohibiting certain executive state agency workers and health care workers from remaining employed after October 18, 2021, without being fully vaccinated against COVID-19. On August 20, the governor issued Proclamation 21-14.1,[2] extending the order to educational employees. And on September 27, the governor issued Proclamation 21-14.2,[3] extending the vaccination requirement to on-

---

[1] Proclamation by Governor Jay Inslee, No. 21-14 (Wash. Aug. 9, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/21-14%20-%20COVID-19%20Vax%20Washington%20%28tmp%29.pdf [https://perma.cc/AK47-28CT].

[2] Proclamation by Governor Jay Inslee, No. 21-14.1 (Wash. Aug. 20, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/21-14.1%20-%20COVID-19%20Vax%20Washington%20Amendment.pdf [https://perma.cc/XVZ9-S3MN]

[3] Proclamation by Governor Jay Inslee, No. 21-14.2 (Wash. Sept. 27, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/21-14.2%20-%20COVID-19%20Vax%20Washington%20Amendment%20%28tmp%29.pdf [https://perma.cc/5LJ7-LPZH].

site contractors who contract with certain state agencies. There are exemptions based on medical conditions and/or sincerely held religious beliefs.

Respondent is a corrections officer at the Coyote Ridge Corrections Center in Franklin County. As a Department of Corrections employee, respondent falls within the scope of the governor's proclamations, and he applied for and received a religious exemption. Respondent was offered an accommodation consisting of reassignment to a position involving less physical proximity to others.[4] Dissatisfied with this option, on September 10, 2021, respondent filed an action in Franklin County Superior Court against petitioners, challenging the governor's proclamations on constitutional grounds and seeking declaratory and injunctive relief.

Petitioners moved to change venue to Thurston County Superior Court pursuant to RCW 4.12.020(2), which makes the county where the cause of action "arose" the mandatory venue for any action "[a]gainst a public officer . . . for an act done by him or her in virtue of his or her office." The governor argued that the cause of action "arose" in Thurston County because he issued the proclamations there.

The Franklin County Superior Court denied petitioners' motion to change venue in an order issued on September 27, reasoning that if the governor's proclamations are unconstitutional, they are not made "in virtue of his . . . office" within the meaning of the venue statute.

Petitioners filed an emergency motion for discretionary and accelerated review directly in this court and moved to stay further proceedings in respondent's action. State Supreme Court Commissioner Michael Johnston granted a temporary stay

---

[4] Respondent was later told that there were no positions to which he may be reassigned in order to accommodate his unvaccinated status and that the department would proceed with terminating him unless he provided proof of vaccination by a specified deadline.

pending a decision on petitioners' motion for discretionary review. As indicated, we granted petitioners' motion for accelerated discretionary review, reversed the order of the Franklin County Superior Court denying petitioners' motion for change of venue, and remanded to that court with directions to grant petitioners' motion to change venue to Thurston County Superior Court without delay.

ANALYSIS

Proper venue is governed by statute in Washington. *Parker v. Wyman*, 176 Wn.2d 212, 222, 289 P.3d 628 (2012). Under RCW 4.12.020(2), actions "[a]gainst a public officer . . . for an act done by him or her in virtue of his or her office" "shall be tried in the county where the cause, or some part thereof, arose."[5] When this statute applies, venue in the specified county is mandatory. *Eubanks v. Brown*, 180 Wn.2d 590, 595-96, 327 P.3d 635 (2014). There is no dispute the governor is a "public officer." In dispute is where the cause of action "arose" and whether the governor issued his proclamation "in virtue" of his "office."

There is a lack of definitive authority in this state on where a cause of action predicated on the act of a public officer "arose." But instructive are the decisions of courts in other states whose venue statutes as to acts of public officers are virtually identical to Washington's. Those decisions conclude that it is the official act itself—the act for which redress is sought—that "gives rise" to the cause of action, and thus venue is proper in the county where the act is made. *See, e.g.*, *Exec. Dir. v. Dist. Court*, 923 P.2d 885, 886 (Colo. 1996); *Okla. Ordnance Works Auth. v. Dist. Court*, 613 P.2d 746, 750 (Okla. 1980); *Stalheim v. Doskocil*, 275 S.C. 252, 255, 269 S.E.2d 346 (1980);

---

[5] Petitioners also rely on RCW 4.12.030(3), which provides for a change of venue when "the convenience of witnesses or the ends of justice would be forwarded by the change."

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Ebenezer Soc'y v. Minn. State Bd. of Health*, 301 Minn. 188, 198, 223 N.W.2d 385 (1974); *McDonald v. State*, 86 S.D. 570, 576-77, 199 N.W.2d 583 (1972); *Coats v. Sampson County Mem'l Hosp., Inc.*, 264 N.C. 332, 334, 141 S.E.2d 490 (1965); *Huerter v. Hassig*, 175 Kan. 781, 784, 267 P.2d 532 (1954); *Brownell v. Aetna State Bank*, 201 Iowa 781, 783, 208 N.W. 210 (1926); *Meeker v. Scudder*, 108 Ohio St. 423, 428-29, 140 N.E. 627 (1923).

This interpretation also makes plain sense. The purpose of referring proceedings against public officials for official acts to the county where the acts are done is to "localize suits against officers" and "relieve[] them from the necessity of deciding between conflicting orders of courts of different counties," making them "amenable only to the courts of the county in which they are acting." *Clay v. Hoysradt*, 8 Kan. 74, 80 (1871). To conclude otherwise would mean a statewide public official such as the governor could be haled into superior courts throughout the state to defend similar suits challenging a single act having statewide effect, as this case itself exemplifies. *See Ebenezer Soc'y*, 301 Minn. at 198. While respondent is certainly affected by the governor's proclamations in relation to his job in Franklin County, he alleges no harm unique to him by virtue of being employed in that county, nor does he contend that his action asserting the unlawfulness of the proclamations "arose" from anything particular to him or to Franklin County so as to justify a different conclusion.[6]

---

[6] Respondent relies mainly on *Pratt v. Niagara Fire Insurance Co. of New York*, 113 Wash. 347, 194 P. 411 (1920), for the proposition that "part" of his cause of action arose in Franklin County, making both that county and Thurston County appropriate venues. But *Pratt* did not involve acts of a public officer, and there, two events that formed the basis of the cause of action clearly took place in different counties: a fire damaged property in King County and the underlying insurance policy was formed and the proofs of loss were submitted and the insurance claim was denied in Pierce County. *Id.* at 349. Here, as indicated, the question of the lawfulness of the governor's proclamations arose only as a

As indicated, the superior court here denied a change of venue on the basis that the proclamations, if unconstitutional, were not issued "in virtue of [the governor's] office." RCW 4.12.20(2). But regardless of whether the governor exceeded his constitutional authority, which has not yet been determined, he plainly acted "in virtue of his . . . office" in issuing emergency proclamations pursuant to his statutory authority under RCW 43.06.220. *See Eubanks*, 180 Wn.2d at 600 (an act is done by a public officer "in virtue" of their public office if it "is an act exercising or failing to exercise the authority of the office or performing the authority in an improper manner"). The decision of this court on which the superior court relied, *State ex rel. Robinson v. Superior Court*, 181 Wash. 541, 43 P.2d 993 (1935), did not involve the venue statute at issue here but one that required actions against the State to be brought in Thurston County, and there the state official's challenged action was one that this court had already held in previous decisions to be wholly beyond the official's authority. This court did not suggest that the simple expedient of alleging in an action that an official's act is unconstitutional renders the act not "in virtue" of the official's office for venue purposes. The governor issued his proclamations "in virtue" of his "office" within the meaning of RCW 4.12.020(2).

## CONCLUSION

We hold that the governor's proclamations constitute acts performed by him "in virtue of his . . . office" within Thurston County and that respondent's cause of action challenging the lawfulness of the proclamations "arose" only in Thurston County, making Thurston County Superior Court the mandatory venue for the action under RCW 4.12.020(2).

---

result of the issuance of the proclamations in Thurston County, and their effect in Franklin County is no different than in any other county.